■ MARY DANKO et al., Respondents, v ST. RAYMOND CEMETERY, INC., et al., Appellants. — Judgment, Supreme Court, Bronx County (Theodore Kelly, J.), entered July 19, 1982, upon a verdict in favor of plaintiffs Mary Danko and John Danko in the sums of $500,000 and $80,000, respectively, unanimously reversed, on the law and the facts and in the exercise of discretion, the judgment vacated and the matter remanded for a new trial with costs to abide the event. At the conclusion of a graveside burial service for her brother-in-law, plaintiff, Mary Danko, approached the grave to pay her last respects. As she put out her hand to throw a flower onto the casket, which was resting on planks placed horizontally over the gravesite, she suddenly fell, feet first, into the grave through an opening, approximately one foot wide, between the foot of the casket and the edge of the grave. Apparently this opening was partially concealed by a floral spray. As a result of her fall plaintiff suffered a torn ligament of the left knee joint with an avulsion fracture of the tibial spine of the same knee. The jury, finding the undertaker, Pelham Funeral Home, 75% liable, and the cemetery, St. Raymond's, 25% liable, awarded damages of $500,000 to plaintiff, and $80,000 to her husband for loss of services. We reverse and direct a new trial. The undertaker was grievously prejudiced when the court charged that a violation of section 77.7 of the Administrative Rules and Regulations of the Department of Health (10 NYCRR) could be considered by the jury as some evidence of its negligence. Section 77.7 (4) provides, *inter alia,* that "a licensed funeral director or undertaker shall be present and personally supervise the interment * * * of a dead human body." The regulation has no application to this accident and should not have been charged. Liability was sought to be fastened upon the undertaker on the basis of its failure, *inter alia,* to provide for the safety of the mourners and to that end to inspect the gravesite before their arrival. The regulation was never intended to impose a standard of care with respect to the digging of a grave or the safeguarding of a gravesite, but rather to insure that the individual who prepares a body for burial is licensed, and that the body is buried in a manner not hazardous to public health. (See *People v Ringe,* 197 NY 143, 148.) Thus, a funeral director's obligation under the regulation is to provide for burial of the body in accordance with standards established by the Department of Health. The regulation may not be used to transform that obligation into a duty to prepare and maintain a gravesite for the safety of mourners. The court's erroneous charge had just this effect. We do not dismiss the complaint against the undertaker, however, since expert testimony was adduced, which, although controverted, was offered to show that a funeral director has an obligation to examine the area around the gravesite after the diggers have prepared it for burial, and to direct the mourners away from the gravesite after the service. Such testimony presents an issue of fact as to whether the undertaker was negligent and responsible in any way for the accident. We do note, however, that even if the verdict were to stand, the apportionment of 75% to 25% between the undertaker and cemetery, respectively, was against the

weight of the evidence. The cemetery's employees dug the grave and arranged the planking and floral spray. On the basis of this record, whatever duty the undertaker had to inspect the site or to warn the mourners cannot eclipse the responsibility of the cemetery, which created the dangerous condition and was primarily responsible for preparing the grave. Finally, we note that were we not reversing for the reasons already stated, we would order a new trial on damages. The award on both the direct and derivative claims was grossly disproportionate to the injuries suffered. Concur — Kupferman, J. P., Sullivan, Silverman, Bloom and Alexander, JJ.