■ WILLIAM F. CRANDALL et al., Appellants, v JOHN KOCAK, Doing Business as KOCAK MOVING & TRUCKING COMPANY, Defendant and Third-Party Plaintiff-Respondent. C & C LIVE-STOCK & PACKERS, INC., Third-Party Defendant-Respondent.— Harvey, J. Appeal from a judgment of the Supreme Court in favor of defendant, entered January 18, 1984 in Chenango County, upon a verdict rendered at Trial Term (Lee, Jr., J.).

In the complaint, plaintiff William F. Crandall (hereinafter plaintiff) alleged that he slipped and fell on January 17, 1981 while loading meat onto a trailer owned by defendant which was parked at the loading dock of plaintiff's employer, the third-party defendant. Plaintiff and his wife commenced this action alleging that his injuries were the result of defendant's negligence in that it permitted the existence of a slippery condition in the trailer. Defendant commenced a third-party action against the employer seeking indemnification or apportionment of liability. Following the trial, the jury returned a verdict in plaintiff's favor. It was set aside on defendant's motion for a directed verdict. The complaint was dismissed and, consequently, the third-party complaint failed and was also dismissed.

The principal issue on this appeal* is whether there was sufficient evidence of negligence on the part of defendant to sustain a verdict in favor of plaintiff and his wife. Plaintiff testified that he was unsure of what actually caused him to slip and fall. There was testimony, albeit of an uncertain and vague nature, that there was something wet and slushy on the floor of the trailer in the area where plaintiff fell. Although plaintiff had entered the trailer about a dozen times prior to

---

* Although the employer has filed a "notice of cross-appeal", that party is not an appellant since it was not aggrieved by the judgment in this case (see, CPLR 5511).

his fall that morning, he did not notice a slippery condition on the floor until after he fell.

Plaintiff admitted that he did not inform the employer as to where he had fallen. It was not until many months afterwards that plaintiff claimed that he fell in defendant's trailer. As a consequence, neither defendant nor the employer investigated the accident at or near the time of its occurrence. This left the defense in a position of having witnesses who could testify only as to the usual procedures employed by defendant and the employer in the loading of trailers and who could not testify from specific recollection.

Defendant had been engaged in transporting meat for the employer for approximately one year prior to the time of the alleged accident. The usual procedure required defendant to deliver and park a trailer at the employer's loading dock. At that point, defendant's driver would leave the trailer to be loaded by employees of the employer. Prior to delivering the trailer to the employer for loading, it was defendant's policy that a trailer be inspected and be completely free of any foreign substances. The employer's manager testified that, in his experience, when defendant's trailers were delivered for loading, they were usually clean and free of any substances making the trailer unsanitary and unsafe.

Once the trailer was delivered to the employer's dock, employees of the employer inspected the trailer to insure that it was clean and safe and ready for loading. Defendant had no responsibility for supervising the loading operation nor monitoring the working conditions during the loading process. The employer's manager testified that if a trailer was found to be dirty or to have materials on the floor which might create an unsafe loading condition, the trailer was washed with hot water and swept out by brooms. If the floor of the trailer was found to be icy, employees of the employer were provided with and instructed on the use of a chemical compound which would alleviate that condition.

On the day of the alleged incident, the log maintained by defendant's driver revealed that the trailer was placed at the employer's dock sometime between 7:00 A.M. and 8:00 A.M. Plaintiff testified that it was not until approximately 9:00 A.M., that the loading operation began, and sometime thereafter he slipped and fell. There was no testimony presented by plaintiff indicative of the fact that anything other than usual procedures took place on the day of the alleged incident (see, Trimarco v Klein, 56 NY2d 98, 105-107). There was no testi-

mony which established that an unsafe condition existed in the interior of the trailer prior to commencement of the loading operation.

Since defendant relinquished possession and control during the loading operation, it could not be charged with changes in the condition of the interior of the trailer while it was under the control of the employer and its employees. Since defendant did not have control over the condition of the interior of the trailer during that interval, it owed no duty to employees of the employer with respect to conditions that developed while the trailer was no longer in the possession and control of defendant (see, MacKendrick v Newport News Shipbuilding & Dry Dock Co., 40 AD2d 798, 799, affd 35 NY2d 681; see also, Danko v St. Raymond Cemetery, 97 AD2d 701).

The testimony regarding a slippery condition on the trailer floor was indefinite and conflicting. There was absolutely no proof in the record implicating defendant (Felgenhauer v Atlantic & Pac. Tea Co., 94 AD2d 737). Absent some proof that an unsafe or defective condition existed prior to the beginning of the loading operation, liability may not be fixed on defendant (see, Gilbert Props. v City of New York, 33 AD2d 175, 178-179, affd 27 NY2d 594; see also, 1 NY PJI 2:100, 2:128, at 296-299, 357-359 [2d ed]).

Plaintiff contends that the jury could have inferred that the alleged unsafe condition existed prior to the time the trailer was turned over to the employer. We disagree because we conclude that such an inference would amount to nothing more than speculation. The jury could just as logically infer that the slippery material fell from meat being loaded, was caused by the employer in washing the trailer or was tracked in by plaintiff and his coemployees. When more than one reasonable inference exists, a jury should not be compelled to speculate as to which inference it should accept (White v Leigh Val. R. R. Co., 220 NY 131, 135; Smith v Wisch, 77 AD2d 619, 619-620, lv denied 51 NY2d 709). We have also considered plaintiff's contention regarding inadequate lighting in the interior of defendant's trailer. We find no evidence to support the view that inadequate lighting contributed in any way to the accident.

At the close of plaintiff's proof and at the close of all proof, defendant moved for a directed verdict and the trial court reserved decision. The jury returned a verdict in plaintiff's favor apportioning fault 95% to the employer and 5% to defendant. The trial court granted the motion immediately thereafter.

Judgment affirmed, with costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.