■ CORTLAND PUMP & EQUIPMENT COMPANY, Respondent, v HOMER COOTS, Individually and Doing Business as HOMER COOTS MASONRY, Appellant. (And a Third-Party Action.)—Levine, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered December 13, 1989 in Cortland County, which denied defendant's motion for summary judgment dismissing the complaint.

In December 1985, defendant was hired by plaintiff, a contractor, to perform certain masonry work as part of a renovation project at a gas station located in Cortland County. The work done by defendant entailed the construction of concrete pads in the area adjacent to the station's service islands. Shortly after the construction was completed and the station reopened, a leak was discovered in one of the fiberglass

pipelines beneath a newly constructed concrete pad. Plaintiff commenced this action in December 1987, alleging that defendant was hired to install and to supervise the installation of the concrete pads, that he was negligent in his duties and that as a result, one of the steel stakes used to hold the forms for the concrete in place was driven into a fiberglass line, causing approximately 100 gallons of gasoline to leak into the ground. In his answer, defendant generally denied the allegations in the complaint and claimed, as a defense, that the leak was caused by acts of someone for whom he was not responsible. Following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, concluding that questions of fact remain as to, *inter alia,* whether defendant was hired in a supervisory capacity and as to the cause of the leak. This appeal followed.

There should be an affirmance. Upon a review of the papers submitted on the motion, we agree with Supreme Court that plaintiff has produced evidentiary proof demonstrating the existence of factual questions sufficient to preclude summary judgment *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). With regard to the issue of defendant's role in the construction project, defendant stated in his supporting affidavit that plaintiff did not place him in charge of the job and that he neither drove nor instructed anyone on how to drive the stakes. In opposition, plaintiff submitted the affidavit of Stephen Sautter, plaintiff's vice-president, who stated that defendant was hired to supervise the project in question. Plaintiff also submitted the affidavit of Ben Sprouse, an independent contractor, who stated that he and the other men on the job worked under the direction of defendant and that defendant participated in driving the stakes. In view of these affidavits, it is clear that issues of fact exist as to the nature and extent of defendant's involvement in the project.

As to the cause of the leak, defendant's affidavit establishes that the stakes used on the job were two feet in length and that they were driven only partially into the ground to support the forms for the concrete. Further, defendant stated that, subsequent to the discovery of the leak, he assisted in the replacement of the fiberglass lines which he measured at a depth of 28¾ inches below the top of the concrete pad. Thus, according to defendant, the leak could not have been caused by any of the stakes. However, a question of fact is raised by the affidavit of Sautter, in which he stated that after locating the source of the leak, he replaced a six-inch section of the line that included the damaged area, checked that section

against one of the metal stakes and found that the stake fit the "gouge" in the line exactly. While Sautter admitted at his examination before trial that he could not discount the *possibility* that the line was damaged when the area around the lines was backfilled some three to five days before defendant commenced work, this does not give rise to an equally reasonable inference as to how the leak occurred such that one is required to speculate on the element of causation *(cf., White v Lehigh Val. R. R. Co.,* 220 NY 131, 135-136; *Crandall v Kocak,* 114 AD2d 713, 715; *Smith v Wisch,* 77 AD2d 619, 619-620, *lv denied* 51 NY2d 709). Accordingly, Supreme Court's order denying defendant's motion should be affirmed.

Order affirmed, with costs. Kane, J. P., Mikoll, Levine and Mercure, JJ., concur.