■ WILLIAM R. MILLER et al., Appellants, v JOHN F. BOLAND et al., Respondents. [616 NYS2d 793] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Smith, J.), dated December 15, 1992, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs' contention that the actions of the defendants may have constituted an abuse of process is not properly before us, inasmuch as that claim was neither pleaded nor alleged in the court of first instance (see, Orellano v Samples Tire Equip. & Supply Corp., 110 AD2d 757). In any event, were we to consider the contention, we would find it to be without merit. The record demonstrates that the defendants issued the subpoena in question for the entirely legitimate purpose of compelling the appearance of the uncooperative plaintiff William R. Miller in court so that he could provide highly relevant evidence in an action that might well reach trial on that date. Hence, there is no evidence to support the plaintiffs'

assertion that the defendants issued the subpoena "to accomplish some unjustified purpose" *(Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 400; *see, Hornstein v Wolf,* 67 NY2d 721; *Curiano v Suozzi,* 63 NY2d 113).

The plaintiffs' contention that an issue of fact exists regarding whether the defendants acted negligently in issuing the subpoena despite their knowledge that Mr. Miller suffered from a heart condition is without merit. The defendants clearly had the authority to issue the subpoena *(see,* CPLR 2302 [a]; *see generally, Del Vecchio v White Plains Unit,* 64 AD2d 975) as well as the obligation to their client to attempt to secure relevant evidence favorable to his position. Moreover, the record demonstrates that the injured plaintiff was unwilling to provide any information to the defendants and repeatedly declined opportunities to participate in depositions which the defendants offered to conduct at his residence. Additionally, while the injured plaintiff's treating physician generally advised the defendants that the injured plaintiff's exposure to stressful situations should be minimized and that his heart condition should be taken into account, the physician never indicated that a court appearance would pose a grave health risk to the injured plaintiff. Given the injured plaintiff's obvious reluctance to cooperate in the case, the importance of his potential testimony, the obligation of the defendants to zealously represent their client, and the absence of any patent medical danger to the injured plaintiff, the defendants were not negligent in issuing the subpoena to compel his appearance in court. Furthermore, we find it significant that although the injured plaintiff was free to seek to extricate himself from the situation by moving to quash the subpoena *(see,* CPLR 2304; *Matter of Brunswick Hosp. Ctr. v Hynes,* 52 NY2d 333), he failed to avail himself of this remedy.

Similarly unavailing is the plaintiffs' contention that the defendants assumed a duty to safeguard the injured plaintiff's health by providing transportation for him to and from the courthouse. In order to present a viable claim in this regard, the plaintiffs were required to make some showing that the defendants assumed such a duty, that the injured plaintiff foreseeably and justifiably relied upon the assumed duty, that the injured plaintiff was thereby placed in a more vulnerable position than he would have been in had the duty never been assumed in the first instance, and that the duty was breached *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Parvi v City of Kingston,* 41 NY2d 553). The provision of transportation in this case was for the injured plaintiff's convenience and was

designed to ensure his attendance in court. It cannot reasonably be interpreted as an assumption of a duty to safeguard the injured plaintiff's health, nor could the injured plaintiff justifiably rely upon it as such. Moreover, assuming that such a duty did exist, there is no indication that the injured plaintiff was placed in a more vulnerable position merely because the defendants supplied him with transportation (see, e.g., Heard v City of New York, 82 NY2d 66). Likewise, there is no evidence of a breach of the alleged duty, since the record unequivocally demonstrates that the defendants' employee promptly transported the injured plaintiff and his family to the hospital as soon as they requested medical attention for the injured plaintiff. Accordingly, the Supreme Court acted properly in granting the defendants' motion for summary judgment dismissing the complaint. Sullivan, J. P., Santucci, Joy and Krausman, JJ., concur.