■ MERWIN R. MONROE, JR., et al., Respondents, v VINCENT RANDONE, JR., et al., Respondents, and THOMAS F. DALTON FUNERAL HOMES, INC., Appellant. [650 NYS2d 20] —In an action to recover damages for personal injuries, etc., the defendant Thomas F. Dalton Funeral Homes, Inc., appeals from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), entered September 8, 1995, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of Thomas F. Dalton Funeral Homes, Inc., is granted, the complaint and all cross claims are dismissed insofar as they are asserted against that defendant, and the action against the remaining defendants is severed.

In March 1994, Stephen Meagher was buried at Pinelawn Cemetery. The injured plaintiff, limousine driver Merwin R. Monroe, Jr., was awaiting completion of the graveside service when he was struck by fireworks ignited by the defendants Robert Holmes and Vincent Randone, Jr., who had attended the service. The firework display was ignited after the service was completed and when the attendees had walked away from the gravesite. The fireworks were intended as a type of personal tribute to the decedent.

The plaintiffs thereafter commenced this action against, among others, the defendant Thomas F. Dalton Funeral Homes, Inc. (hereinafter Dalton). Dalton moved for summary judgment dismissing the complaint insofar as asserted against

it. The Supreme Court denied Dalton's motion, concluding that questions of fact existed as to whether Dalton breached a duty of care to the injured plaintiff in light of 10 NYCRR 77.7 (a) (2), which provides, *inter alia,* that "[a] licensed funeral director or undertaker shall be present and personally supervise the conduct of each funeral service".

Dalton argues that it did not owe the plaintiffs any duty because the activities that resulted in the injury were not part of the funeral service. We agree. Mr. Monroe's injuries were not caused by Dalton's failure to supervise the funeral but were the result of criminal acts committed by third parties after the service had been completed (*see, Danko v St. Raymond Cemetery,* 97 AD2d 701; *cf., Zureck v Wheeler,* 217 AD2d 545). Lastly, we reject the argument that Dalton's director allegedly acquiesced in the fireworks display and thereby assumed a duty to the plaintiffs (*see, Miller v Boland,* 208 AD2d 508; *cf., Heard v City of New York,* 82 NY2d 66, 73). Mangano, P. J., Bracken, Thompson and McGinity, JJ., concur.