RONALD L. BUTERA, Appellant, v WILLIAM SCHAEFER, Individually and Doing Business as SCHAEFER'S RECYCLING CENTER and SCHAEFER'S GENESEE SAND AND GRAVEL, et al., Respondents. [674 NYS2d 249] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: In 1993, defendants entered into a contract with the United States Postal Service to provide, on a continuous basis, a 45-foot trailer, to be filled with corrugated cardboard by the United States Postal Service. When a trailer became full, defendants hauled it away and replaced it with an empty one. On October 20, 1993, plaintiff, an employee of the United States Postal Service, was injured when his right foot went through the floor of a trailer provided by defendants. Plaintiff commenced this action, alleging that defendants were negligent in failing to maintain the trailer in a reasonably safe condition. Plaintiff alleged that defendants had actual or constructive knowledge of the defective condition of the trailer.

Defendants moved for summary judgment dismissing the complaint. In support of the motion, defendants submitted, inter alia, an affidavit from an employee of defendant Genesee Dump Truck Service, Inc., who stated that he delivered the trailer in question to the United States Postal Service five days before plaintiff's accident. When he delivered it, he performed a safety inspection, which revealed no defects in the floor of the trailer. When he picked up the trailer on October 22, 1993, two days after plaintiff's accident, he noticed that one of the wood pieces on the floor of the trailer had been "chipped away".

Although that evidence is sufficient to sustain the burden of defendants of demonstrating their entitlement to judgment as a matter of law, the evidence submitted by plaintiff in opposition to the motion raises triable issues of fact whether the floor

of the trailer contained a defect prior to the delivery of the trailer to the United States Postal Service, and whether that defect had existed for a sufficient length of time that defendants should have discovered it (see, Lottie v Edwards-Knox Cent. School Dist., 235 AD2d 678, 679; Crandall v Kocak, 114 AD2d 713, 715). Plaintiff submitted an affidavit of the general supervisor of maintenance operations at the United States Postal Service, who completed the accident report and examined the trailer after plaintiff's accident. He opined that the hole was not new because broken edges of wood around the hole were smooth, not splintered, and were as dirty and discolored as the surrounding wood of the floor. Also, a metal I-beam visible through the hole in the floor had an accumulation of rust and grime that was not present in the portions of the I-beam not directly under the hole. Plaintiff also submitted an affidavit of a mechanical engineer, employed as the quality control manager of Medeva Pharmaceuticals, who, during his work as manager of receiving inspection, had many opportunities to inspect the interiors of trailers. He reviewed photographs of the floor of the trailer taken after plaintiff's accident and opined, "based upon the apparent extensive pitting and corrosion build-up on the exposed I-beam below the missing deck, the lack of evidence of splintering on the edges of the break, [and] the apparent contamination of the face of the broken deck", that the hole in the floor of the trailer existed for a significant period of days before the delivery of the trailer to the United States Postal Service.

Defendants argue that the affidavits submitted by plaintiff should be disregarded because the qualifications of the affiants to render opinions were not established (see, Paciocco v Montgomery Ward, 163 AD2d 655, 657, lv denied 77 NY2d 808). We reject that argument. A mechanical engineer working as a quality manager and a general supervisor of maintenance operations for the United States Postal Service possess "the requisite skill, training, education, knowledge or experience" (Matott v Ward, 48 NY2d 455, 459) to give an opinion concerning the appearance of newly-splintered wood. (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.