■ Michael Polcino et al., Plaintiffs, v Aim Telephones, Inc., Doing Business as American Installation & Maintenance, Inc., et al., Respondents. Republic National Bank of New York, Third-Party Plaintiff-Respondent, v New York Telephone Company, Third-Party Defendant-Appellant. Otis Elevator Company, Second Third-Party Plaintiff-Respondent, v New York Telephone Company, Second Third-Party Defendant-Appellant. — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered September 16, 1982, denying New York Telephone Company's motion for summary judgment dismissing the third-party complaints and cross claims

against it, unanimously reversed, on the law, with costs and disbursements, and the motion granted. Plaintiff, an installer for the New York Telephone Company, was injured in an accident involving a freight elevator located in a building in which the telephone company was doing work. Defendant Republic National Bank of New York, which owned and maintained the building, and another defendant, have impleaded the telephone company. The parties have completed extensive discovery. In its motion for summary judgment the telephone company has shown facts which establish its freedom from liability. After completing a wiring job in the basement, plaintiff, his supervisor and another telephone company employee proceeded to the main floor to take the freight elevator to one of the upper floors. The elevator operator was in the cab as they entered, together with an unidentified young man who was holding his arms around some two-feet by four-feet planks of lumber and other building material, some of which extended from the floor through an opening in the ceiling. After beginning its ascent the elevator was suddenly jolted, "the lights went out and then lumber broke and a piece went through the floor of the elevator and hit the front gate." As a result plaintiff sustained injuries to his shoulder and neck. In his deposition plaintiff's supervisor stated categorically that the telephone company did not have any lumber on the job. On this record it is clear that the telephone company had nothing to do with either the operation of the elevator or control or custody of the dangerously stacked lumber. The third-party plaintiffs make no evidentiary showing of even the semblance of an issue concerning the telephone company's negligence with respect to the accident. "[W]here the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do". (*Zuckerman v City of New York,* 49 NY2d 557, 560.) Summary judgment should have been granted. Concur — Sandler, J. P., Sullivan, Silverman, Fein and Milonas, JJ.