■ ESTHER PERRY, as Guardian ad Litem of ERVIN ADAMS, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered April 6, 1990, which granted the motion by the New York City Housing Authority for summary judgment, unanimously affirmed, without costs.

On May 27, 1983 the plaintiff severely assaulted and stabbed Theresa Lewis, causing wounds which required over 100 stitches. Ms. Lewis, who was bleeding profusely in the hallway outside plaintiff's apartment, told two New York City Police Officers who responded to a radio dispatch of an assault in progress that the plaintiff was in his apartment, and that he had a knife. The police officers knocked on the door and identified themselves, but plaintiff did not open the door. When the police broke the door open, the plaintiff lunged at one of them with a knife, at which point that officer shot the plaintiff.

Two New York City Housing Authority Police Officers had also responded to the radio dispatch, and found the police officers already knocking at plaintiff's door. The housing officers did not participate with the police officers in formulating a plan for plaintiff's arrest, did not break down the door, and fired no shots at the plaintiff. Nevertheless, the plaintiff sued *both* the New York City Housing Authority and the City of New York on the ground that improper procedures and excessive force were used in effecting his arrest, on the basis that the City Police and Housing Police were acting in concert.

"Concerted action liability rests upon the principle that '[a]ll those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him' (Prosser, Torts [4th ed], § 46, at p 292; see, also, Restatement, Torts 2d, § 876)." *(Bichler v Lilly & Co., 55 NY2d 571, 580-581.)* Applying these principles to the facts established herein, the housing police were merely observers of the incident upon which the instant lawsuit is based, and the Housing Authority is not liable for plaintiff's injuries on a "concerted action" theory as a matter of law. Accordingly, the Housing Authority's motion for summary judgment was properly granted *(see, Polcino v Aim Tels., 95 AD2d 735).* We have considered the plaintiff's other contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ross, Asch and Kassal, JJ.