■ MEGAN ZURECK, an Infant, by Her Parent and Natural Guardian, ROGER ZURECK, et al., Respondents, v ADAM WHEELER, Respondent, and FRANK DELUCA et al., Appellants, et al., Defendants. [629 NYS2d 68] —In an action to recover damages for personal injuries, etc., the defendants Frank and Sue DeLuca appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated March 7, 1994, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion of the defendants Frank and Sue DeLuca is granted, and the complaint is dismissed insofar as it is asserted against them.

The infant plaintiff was injured on July 4, 1992, when one of the guests who was attending a party given by the codefendants Frank and Sue DeLuca detonated several so-called blockbuster firecrackers in the street in front of the DeLucas' residence.

Prior to the explosion, Frank DeLuca had been setting off rockets from a pail that he had placed in the street in front of his home. However, neither Frank nor Sue DeLuca detonated, or in any way assisted in the detonation of, the blockbusters by the guest in question, which occurred after Frank DeLuca had finished setting off all of his fireworks that evening. The record indicates that the DeLucas had no prior knowledge that the guest in question was going to detonate the blockbusters.

The Supreme Court denied the DeLucas' motion for summary judgment dismissing the complaint insofar as it is asserted against them, finding that there are material issues of fact with respect to the DeLucas' liability. We disagree.

Contrary to the plaintiffs' contentions, that the DeLucas ignited rockets in front of their residence on the date in question and that they may have done so on prior Independence Days does not establish that they were fireworks promoters or that they are jointly liable for the conduct of a guest who ignites a firecracker in a public street. Moreover, the evidence fails to establish material questions of fact regarding whether the DeLucas acted in concert with the guest who detonated the blockbusters or whether they exercised control over that guest.

We note that there is no evidence that the DeLucas, either directly or indirectly, participated in a common plan or design to commit the tortious act that caused the infant plaintiff's injuries (*see, Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 295; *Hymowitz v Lilly & Co.*, 73 NY2d 487, 506, *cert denied sub nom. Squibb & Sons v Hymowitz*, 493 US 944; *Perry v City of New York*, 170 AD2d 350; *Herman v Wesgate*, 94 AD2d 938). Thompson, J. P., Pizzuto, Santucci and Florio, JJ., concur.