■ ELIZABETH LAMITIE, as Administrator of the Estate of LEON RECORE, Deceased, Plaintiff, v EMERSON ELECTRIC COMPANY-WHITE RODGERS DIVISION, et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants, et al., Defendants. DOME PETROLEUM LIMITED et al., Third-Party Defendants-Appellants-Respondents; ENRON OIL TRADING & TRANSPORTATION COMPANY, Formerly Known as U.P.G., INC., et al., Third-Party Defendants-Respondents-Appellants. (And Three Other Related Actions.) [660 NYS2d 209] —Mikoll, J. P. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered April 9, 1996 in Clinton County, which denied certain third-party defendants' motions for summary judgment dismissing the third-party complaints against them.

On August 20, 1983 an explosion and fire occurred at a home in the Town of Malone, Franklin County, which caused injury and death to Leon Recore and his wife, Kathryn Recore. Two separate actions were commenced by plaintiff Elizabeth Lamitie as administrator of the Recore estates, each sounding in negligence, strict products liability, failure to warn, breach of warranty and wrongful death against defendants, Emerson Electric Company-White Rodgers Division, Langdon Bottled Gas Company Inc. and its owners (Kermit Langdon and Jean Langdon) (hereinafter collectively referred to as Langdon), A.O. Smith Corporation (hereinafter Smith) and Adirondack Bottled Gas.

According to the allegations, Smith manufactured a propane hot water heater which caused the fire in the Recores' home while the faulty thermostats and/or control valves were manufactured by Emerson. The explosion allegedly was caused by a faulty control valve which leaked propane into the Recore home. Langdon supplied propane to the Recore home and Adirondack supplied propane to Langdon. The pleadings also state that Langdon was aware of a recall on the water heater and its thermostat, manufactured by Emerson and Smith, but did not notify the Recores. Adirondack also allegedly failed to properly odorize the gas supplied to the Recores, thereby preventing them from discovering the leak in their home.

Emerson, Smith and Adirondack commenced cross and third-party actions against third-party defendants Amoco Corporation, Dome Petroleum Ltd., Enron Corporation, Enron Oil Trading & Transportation Company and Enron Gas Liquids, Inc. (the latter three are hereinafter collectively referred to as Enron). An action was also commenced by plaintiffs James Ferry and Florence Ferry, neighbors of the Recores, whose property was damaged by the explosion and fire. A fourth ac-

tion was commenced by Enron Liquids against, *inter alia*, Adirondack for contractual indemnification. Discovery was conducted by the various parties (*see, e.g., Lamitie v Emerson Elec. Co.-White Rodgers Div.*, 208 AD2d 1081).

The instant appeal is from an order denying motions for summary judgment brought by Amoco, Dome and Enron to dismiss the third-party complaints against them on the ground that issues of fact exist requiring a trial as to whether the propane had been properly odorized and, therefore, smelled by the Recores prior to the explosion, and which company's gas was in the Recores' tank at the time of the fire. Dome and Enron appeal.* Adirondack also appeals and, even though it did not formally move for summary judgment, this Court will review its claims in the interest of justice.

The order of Supreme Court denying defendants and third-party defendants summary judgment should be affirmed. Questions of fact exist requiring a trial of the respective claims.

Adirondack's contention that it was entitled to summary judgment dismissing the complaint because the only allegation of negligence against it—that it failed to properly odorize its propane gas—was disproved by evidence that the Recores had smelled the gas leak prior to the explosion is without merit. The nonmoving plaintiffs have produced proof in evidentiary form to raise an issue of fact sufficient to send the case to the jury (*see, Matter of Pollock*, 64 NY2d 1156, 1158; *Badman v Civil Serv. Empls. Assn.*, 91 AD2d 858; *see also, Vermette v Kenworth Truck Co.*, 68 NY2d 714, 717). There is evidence that the Recores may not have noticed the odor of leaking gas as they had guests in the house and relighted the hot water heater pilot despite knowing that leaking propane could explode. The conflicting evidence raises a question of fact regarding whether there was any failure to odorize the gas and/or whether "odorfade" could have occurred.

Enron's and Dome's claim that their motions for summary judgment were wrongly denied since their evidence demonstrated that they had properly odorized the propane according to industry regulation and Federal law and that the Recores had smelled gas prior to the explosion also is without merit. Their evidence is relevant but does not preclude a question of fact as to whether the gas was odorized at the time of the explosion and fire. This evidence also bears on the issue of "odorfade".

---

* By order entered January 17, 1997, Supreme Court dismissed the claims against Amoco as it never succeeded to the liabilities of Dome when its subsidiary assumed Dome's rights but not its liabilities.

Enron's and Dome's argument that there is no proof whether it was Enron's or Dome's propane gas in the Recores' tanks that night fails to consider the evidence that the only source of gas for cylinder No. 3317, which was found connected to the hot water heater, was that of either Dome or Enron. Further, where there is such uncertainty, the burden is upon each defendant to prove that it has not caused the harm (see, Restatement [Second] of Torts § 433B [3], at 441). If the defendants in such a situation cannot resolve the issue, each are jointly and severally liable (see, *Thrower v Smith*, 62 AD2d 907, 920-921, *affd* 46 NY2d 835).

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.