■ MARILYNN B. VANACORE, as Executor of SALVATORE VANACORE, Deceased, Appellant, v BRIAN TEIGUE et al., Respondents, et al., Defendant. [664 NYS2d 604] —In an action, *inter alia,* to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 15, 1996, as granted the separate motions of the defendants James Lloyd, Carlos Zuniga, Chad Basford, Don Montalto, and Brian Rocco for summary judgment dismissing the complaint insofar as asserted against each of them respectively, and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting summary judgment to the defendants James Lloyd, Carlos Zuniga, Chad Basford, Don Montalto, and Brian Rocco and substituting therefor a provision denying their respective motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, and the complaint is reinstated as against James Lloyd, Carlos Zuniga, Chad Basford, Don Montalto, and Brian Rocco.

This action arose out of an incident wherein the nine codefendants were involved in a prank played on the decedent. Immediately after the prank was completed, the decedent gave chase, suffered a heart attack, and subsequently died.

Liability for concerted action rests upon the principle that " '[a]ll those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him' " (*Bichler v Eli Lilly & Co.,* 55 NY2d 571, 580, quoting Prosser and Keeton, Torts § 46, at 292 [4th ed]).

Questions of fact remain as to whether the codefendants James Lloyd, Carlos Zuniga, Chad Basford, Don Montalto, and Brian Rocco agreed to the prank and whether they actually participated in it by, *inter alia,* suggesting the house upon which the prank was to be played. Therefore, summary judgment in favor of these five codefendants was inappropriate.

There are also issues of fact as to whether the acts of the defendants were the proximate cause of the decedent's injuries

and subsequent death so that the plaintiff's cross motion for summary judgment was properly denied (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Shohet v Sheehan,* 238 AD2d 573). Copertino, J. P., Sullivan, Friedmann and Luciano, JJ., concur.