## HANLON ET AL. *v.* BERGER ET UX.

No. 97–1927.   Argued March 24, 1999—Decided May 24, 1999

*Richard A. Cordray* argued the cause for petitioners. With him on the briefs was *James A. Anzelmo.*

*Henry H. Rossbacher* argued the cause for respondents. With him on the brief for respondents Berger et al. were *Nanci E. Nishimura* and *Jay F. Lansing.*   *P. Cameron De-Vore, Jessica L. Goldman,* and *David C. Kohler* filed briefs for respondents Cable News Network, Inc., et al.*

---

*A brief of *amici curiae* urging reversal was filed for ABC, Inc., et al. by *Lee Levine, James E. Grossberg, Jay Ward Brown, Henry S. Hoberman, Richard M. Schmidt, Jr., Susanna M. Lowy, Harold W. Fuson, Jr., Barbara Wartelle Wall, Ralph E. Goldberg, Karlene W. Goller, Jerry S.*

PER CURIAM.

Respondents Paul and Erma Berger sued petitioners— special agents of the United States Fish and Wildlife Service and an assistant United States attorney—for damages under *Bivens* v. *Six Unknown Fed. Narcotics Agents,* 403 U. S. 388 (1971). They alleged that the conduct of petitioners had violated their rights under the Fourth Amendment to the United States Constitution. 129 F. 3d 505 (CA9 1997). We granted certiorari, 525 U. S. 981 (1998).

Respondents live on a 75,000-acre ranch near Jordan, Montana. In 1993, a Magistrate Judge issued a warrant authorizing the search of "The Paul W. Berger ranch with appurtenant structures, excluding the residence" for evidence of "the taking of wildlife in violation of Federal laws." App. 17. About a week later, a multiple-vehicle caravan consisting of Government agents and a crew of photographers and reporters from Cable News Network, Inc. (CNN), proceeded to a point near the ranch. The agents executed the warrant and explained: "Over the course of the day, the officers searched the ranch and its outbuildings pursuant to the authority conferred by the search warrant. The CNN media crew . . . accompanied and observed the officers, and the media crew recorded the officers' conduct in executing the warrant." Brief for Petitioners 5.

Review of the complaint's much more detailed allegations to the same effect satisfies us that respondents alleged a Fourth Amendment violation under our decision today in

Birenz, Slade R. Metcalf, Jack N. Goodman, David S. J. Brown, René P. Milam, George Freeman, and Jane E. Kirtley.

Briefs of *amici curiae* urging affirmance were filed for the National Association of Criminal Defense Lawyers by *Joshua L. Dratel;* and for the National Association of Securities and Commercial Law Attorneys by *Kevin P. Roddy.*

*M. Reed Hopper* and *Robin L. Rivett* filed a brief for the Pacific Legal Foundation as *amicus curiae.*

*Wilson* v. *Layne, ante,* p. 603. There we hold that police violate the Fourth Amendment rights of homeowners when they allow members of the media to accompany them during the execution of a warrant in their home. We also hold there that because the law on this question before today's decision was not clearly established, the police in that case were entitled to the defense of qualified immunity. *Ante,* at 605–606.

Petitioners maintain that even though they may have violated the Fourth Amendment rights of respondents, they are entitled to the defense of qualified immunity. We agree. Our holding in *Wilson* makes clear that this right was not clearly established in 1992. The parties have not called our attention to any decisions which would have made the state of the law any clearer a year later—at the time of the search in this case. We therefore vacate the judgment of the Court of Appeals for the Ninth Circuit and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE STEVENS, concurring in part and dissenting in part.

As I explain in my dissent in *Wilson* v. *Layne, ante,* p. 618, I am convinced that the constitutional rule recognized in that case had been clearly established long before 1992. I therefore respectfully dissent from the Court's disposition of this case on qualified immunity grounds.