188 F.3d 1155 (9th Cir. 1999)
 PAUL W. BERGER and ERMA R. BERGER, Plaintiffs-Appellants,
v.
RODNEY C. HANLON; JOEL SCRAFFORD; RICHARD C. BRANZELL; ROBERT PRIEKSAT; KRIS A. MCLEAN; TURNER BROADCASTING SYSTEM, INC., a Georgia corporation; ROBERT RAINEY; DONALD HOOPER; UNITED STATES OF AMERICA, Defendants-Appellees.
PAUL W. BERGER and ERMA R. BERGER, Plaintiffs-Appellants,
v.
JACK HAMANN; CABLE NEWS NETWORK, INC., a Georgia corporation, Defendants-Appellees.
 No. 96-35251, No. 96-35266
 United States Court of Appeals, Ninth Circuit.
 August 27, 1999
Amended on Limited Grant of Rehearing and Rehearing En Banc November 4, 1999
 
 Henry H. Rossbacher, Rossbacher & Associates, Los Angeles, California, and Jay F. Lansing, Moses Law Firm, Billings, Montana, for the plaintiffs-appellants.
 P. Cameron DeVore, Davis, Wright, Tremaine, Seattle, Washington, and W. Anderson Forsythe, Moulton, Bellingham, Longo & Mather, Billings, Montana, for defendants-appellees CNN and Hamann.
 Thomas M. Bondy, United States Department of Justice, Washington, D.C., for defendant-appellee United States.
 On Remand from the United States Supreme Court
 Before: Mary M. Schroeder and Andrew J. Kleinfeld, Circuit Judges, and Rudi M. Brewster,[1] District Judge.
 SCHROEDER, Circuit Judge:
 
 
 1
 These matters are before us after the Supreme Court remanded Hanlon v. Berger, 119 S. Ct. 1706 (1999) (per curiam). The Supreme Court vacated our judgment in Berger v. Hanlon, 129 F.3d 505 (9th Cir. 1997).
 
 A. Federal Officer Defendants
 
 2
 The Court agreed with our holding that the plaintiffs stated a claim when they alleged that the federal officers violated the Fourth Amendment when, without the Bergers' consent, the officers permitted the media to accompany them during the execution of a search warrant. See Hanlon, 119 S. Ct. at 1706; Wilson v. Layne, 119 S. Ct. 1692 (1999). The Court concluded, however, that the federal officers are entitled to qualified immunity because the law governing this issue was not "clearly established" as of March 1993, when the warrant of the Bergers' ranch was executed. Hanlon, 119 S. Ct. at 1706-07. Therefore, we affirm the district court's grant of summary judgment in favor of the federal officers.
 
 B. Media Defendants
 
 3
 In our original decision, we held that the media defendants were not entitled to summary judgment on the Bergers' Bivens claim because the Bergers alleged the media participated as "joint actors" with the federal officers. Berger, 129 F.3d at 514-15. The Supreme Court affirmed our holding that a violation of the Fourth Amendment was alleged in this case. The media defendants have not asserted and are not entitled to assert qualified immunity as a defense. See Wyatt v. Cole, 504 U.S. 158, 168-69 (1992); Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996). Accordingly, we reverse the district court's decision granting summary judgment in favor of the media defendants on the Bergers' Bivens claim. We also reverse the district court's judgment in favor of the media defendants on the Bergers' state law claims for trespass and intentional infliction of emotional distress.
 
 
 4
 As in our original decision, we affirm the district court's grant of summary judgment to the media defendants on the Federal Wiretap Act claim and on the state law claim for conversion.
 
 
 5
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART FOR FURTHER PROCEEDINGS.
 
 ORDER
 Oct. 8, 1999
 
 6
 The opinion filed November 11, 1997 is withdrawn. This case is reinstated effective August 27, 1999, and the opinion filed that date stands.
 
 
 7
 Each party is to bear its own costs.
 
 
 
 Note:
 
 
 [1]
 Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation.