

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2003

# Ziegler v. Eby

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1126

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation
"Ziegler v. Eby" (2003). *2003 Decisions.* Paper 217.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/217

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1126

_____

AARON ZIEGLER, by the Estate of
Aaron Ziegler by Rosalie M. Ziegler, Administratrix,
                                                <u>Appellant</u>

v.

WILLIAM EBY; LARRY RAMPOLO;
RICHARD F. BEIERSCHMITT, Superintendent;
MARY E. JOHN; MT. CARMEL AREA SCHOOL DISTRICT;
DONALD P. GEARY; BOROUGH OF MT. CARMEL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
Civil Action No. 02-cv-00618
District Judge: Honorable Malcolm Muir

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 3, 2003

_____

Before: RENDELL, WEIS, and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: October 7, 2003)

_____

OPINION

_____

Garth, Circuit Judge:

While a senior in high school, Aaron Ziegler received a ten-day suspension for appearing to be under the influence of marijuana while on school grounds. He was arrested one month later at school and charged with several misdemeanors arising out of the alleged drug use. Two police officers transported Aaron to a local magistrate to be arraigned. Following his graduation from high school, Aaron pled no contest to a single misdemeanor charge of drug possession pursuant to a plea agreement with the district attorney. While awaiting sentencing, however, he took his own life.

Aaron's mother, Rosalie Ziegler, subsequently filed a Section 1983[1] lawsuit in her son's name against the arresting police officers (Larry Rompallo,[2] William Eby, and Donald Geary), the school district superintendent (Richard Beierschmitt), the high school principal (Mary John), the school district, and the local borough.[3] The complaint alleges that the defendants violated, and conspired to violate, Aaron's First, Fourth, and Sixth Amendment rights by planning and carrying out a "vindictive conspiracy intending to humiliate, demean, and harass" Aaron, and that "his suicide was a reasonably foreseeable result of their intentional misconduct." (Complaint ¶¶ 1, 28.) In four separate orders issued over a five-month period, the District Court granted summary judgment to certain

---

[1] *See* 42 U.S.C. § 1983.

[2] Rompallo's name is misspelled as "Rampolo" in the caption.

[3] We will refer to Rosalie Ziegler as "Ziegler" and to Aaron Ziegler as "Aaron."

of the defendants (Beierschmitt, John, Eby, and Geary) and dismissed the complaint as to the remaining defendants (the school district and Rompallo).

## I.

Although Ziegler filed an amended notice of appeal on January 16, 2003, which specifically appealed from the District Court's August 9, 2002 order (granting summary judgment in favor of Beierschmitt and John), Ziegler had previously filed a notice of appeal reading, "[n]otice is hereby given that the . . . plaintiffs hereby appeals [sic] . . . from the decision . . . for the U.S. District Court . . . entered on December 30, 2003 [sic]." (Appellant's Appendix at 11.) The December 30, 2002 order, which granted Eby and Geary's motion for summary judgment, was the final order entered by the District Court. While we would normally be guided, and have jurisdiction over, those orders designated in the notice of appeal, *see Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1254 (3d Cir. 1977), here the original notice of appeal and the amended notice of appeal, both of which included and specified the December 30, 2002 final order, would appear to bring up the District Court's earlier orders for our review. We note, however, that motions panels of our court previously granted motions to dismiss as parties to the appeal the following two defendants: Rompallo and Mt. Carmel Area School District. We agree with that result in part, first: because the brief on appeal submitted by Ziegler addresses primarily the judgment entered in favor of Beierschmitt (the superintendent) and John (the school principal), and argues that they were liable because Aaron's arrest on school

grounds was "contrary to the stated customary policy of the defendants Beierschmitt, Johns' [sic] and the School District." (Appellant's Brief at 8.) Second: the brief does not specifically identify the other defendants against whom relief is sought, but only alleges that the defendants sought to make Aaron an object of ridicule in order to retaliate against him; that when he arrived at the magistrate's office to be arraigned he was "held so the press could arrive;" that he was a news item on the six o'clock news; that the defendants were not entitled to qualified immunity; that they knew Aaron suffered from depression and was subject to mental and emotional pressures; and that he was intimidated and harassed by the police.

The District Court had jurisdiction pursuant to 28 U.S.C. Section 1331 and we have appellate jurisdiction under 28 U.S.C. Section 1291. Our review is plenary.

II.

Ziegler's brief does not refer to any evidence submitted on behalf of Ziegler and in opposition to the summary judgment motions or motions to dismiss which were filed in the District Court. Nor does the brief distinguish among the status or liability of the particular defendants.

Among other issues discussed in Ziegler's brief, Ziegler argues on appeal that, under the United States Supreme Court's decisions in *Wilson v. Layne,* 526 U.S. 603 (1999) and *Hanlon v. Berger,* 526 U.S. 808 (1999), the defendants are not entitled to qualified immunity. The Supreme Court held in those two companion cases that the

-4-

Fourth Amendment does not permit the police to bring the news media into a person's home (or onto residential property) during the execution of a warrant. *See Wilson,* 526 U.S. at 614; *Hanlon,* 526 U.S. at 809-10. Here, the complaint alleges that the school officials conspired with local police to make an example of, and retaliate against, Aaron because of his refusal to submit to a drug test on the day that he appeared to be under the influence of marijuana. (Complaint ¶¶ 13-28.) As we have stated, they allegedly carried out this conspiracy by first arresting Aaron at the high school in handcuffs and leg shackles and then by alerting the media and waiting for local reporters to arrive at the magistrate's office before removing Aaron from a police cruiser and escorting him into the building. (*Id.*)

Following a careful and independent review of the record, we have determined that it is not necessary for us to decide whether the police violated the Fourth Amendment by allegedly alerting the news media to Aaron's arrest and waiting for them to arrive at the magistrate's office before removing Aaron from the police vehicle.[4] *See Christopher v. Harbury,* 536 U.S. 403, 417 (2002) (explaining that federal judiciary has an obligation "to avoid deciding constitutional issues needlessly").

The District Court determined, and we agree, that the uncontroverted evidence does not support the factual allegations in the complaint. The Chief of Police, who

---

[4] *Caldarola v. County of Westchester,* -- F.3d --, 2003 WL 22080012 (2d Cir. Sept. 9, 2003), a recent case from the Court of Appeals for the Second Circuit discussing allegations similar to those raised by Ziegler, held them not actionable.

accompanied Aaron to the local magistrate's office, submitted an affidavit stating that he and Rompallo "did not delay taking Ziegler before District Justice Mychak for arraignment." (Appellant's Appendix at 95, ¶ 8.) The other police officer who remains a party to this appeal submitted an affidavit swearing that he did not even accompany Aaron to the magistrate's office. (Appellant's Appendix at 98, ¶ 9.) Ziegler did not submit any evidence to refute these or any other affidavits produced by any of the defendants. And the complaint was not verified, thereby precluding the District Court from treating it as the equivalent of an affidavit for purposes of Federal Rule of Civil Procedure 56(e). *See, e.g., Reese v. Sparks,* 760 F.2d 64, 67 (3d Cir. 1985) (treating verified complaint as an affidavit on summary judgment motion). Nor is there any evidence in the record which suggests that the police or school officials conspired to involve the media in a plan to retaliate against Aaron. Indeed, the District Court in its August 9, 2002 order pertaining to Beierschmitt and John, made findings of fact based on this uncontroverted evidence and concluded that:

> With respect to Plaintiff's remaining claims it is difficult to understand how Defendants Beierschmitt and John violated Aaron Ziegler's constitutional rights. Aaron Ziegler committed suicide 69 days after he graduated from high school and 145 days after the conclusion of his suspension. We are unaware of any case where a court has imposed a constitutional duty on a school official to prevent a student's suicide after the student has graduated from the school and is no longer within the school's control when the suicide occurred. Furthermore, Plaintiff has not presented any evidence suggesting that Aaron Ziegler was suicidal when he attended school, that Defendants Beierschmitt or John were aware of his suicidal tendencies or that they failed to take appropriate action.*

-6-

*  Again, Plaintiff has failed to explain by way of affidavit why she could not "present by affidavit facts essential to justify" her opposition to the motion for summary judgment.

(Appellant's Appendix at 26-27.)

### III.

Ziegler also argues on appeal that there are no facts controverting the remaining allegations in the complaint, such as the claim that Aaron's arrest on school grounds was a planned event or that he was arrested in retaliation for his refusal to submit to a drug test. We are satisfied, however, that even if those allegations may be deemed true, (and as noted there is no evidence supporting them), the defendants did not violate any "clearly established" right under the First, Fourth, or Sixth Amendments and therefore are entitled to qualified immunity. *See Wilson,* 526 U.S. at 609. We also note that the connection between the defendants' alleged conduct in March and April of 2001 and Aaron's suicide on August 13, 2001 is too legally attenuated, both because of the passage of time and Aaron's interceding high school graduation.

For the foregoing reasons, the judgment of the district court will be AFFIRMED.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Leonard I. Garth
Circuit Judge

-7-