■ SEAN P. CANAVAN, Appellant, v DAVID GALUSKI et al., Respondents. [769 NYS2d 629]—

Peters, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered May 16, 2003 in Saratoga County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action contending that he was injured by one or more defendants during an altercation in the Town of Clifton Park, Saratoga County. Following discovery, all defendants moved for summary judgment, and plaintiff cross-moved for the same relief on the theories of alternative liability and/or concerted action liability. Supreme Court granted defendants' motions and plaintiff appeals.

An altercation occurred in December 1998 at approximately 2:00 A.M. at the residence of Robert Lewis. It was precipitated by an on-line exchange of insulting remarks about defendants Christopher Hunter and Darrell J. Gibbs while Hunter and Gibbs were at the residence of Tiffany Wayne and Karen Wayne. When the remarks escalated, Hunter and Gibbs traveled to the Lewis residence along with defendants Thomas Mazzariello and Patrick Terry in an effort to verbally resolve the matter. Along the way, they stopped at the Wayne residence where defendants Sean McAvoy, David Galuski, Gregory J. Yamin and Albert Deeb followed them in a separate car. Defendants contended that at all times it was their belief that the confrontation would be easily resolved.

When defendants arrived at the Lewis residence, plaintiff was at the end of the driveway. Gibbs advised defendants in his car that he wanted to resolve the conflict himself; Hunter ac-

companied him nonetheless. As Gibbs and Hunter alighted, plaintiff conversed with Hunter until he was suddenly hit in the chin by an individual standing behind Hunter. Plaintiff was hit again in the forehead and then kicked in the head while he lay on the ground.

It is undisputed that plaintiff does not know who hit him, whether the same person hit him more than once, or how many people were outside of the Lewis residence at the time. Aside from Hunter, plaintiff does not recognize anyone from the incident whom he joined in this action. Plaintiff also admitted that, although he saw approximately 10 people outside after he was hit, at least three of whom were from the Lewis residence, those three were not named as parties. A witness who had been inside the Lewis home testified that the individuals who allegedly instigated the on-line insults were yelling and taking off their shirts in the Lewis residence after defendants confirmed that they were coming over, and that at least one of them ran outside when defendants arrived. Deposition testimony of both parties and nonparty witnesses failed to identify the individual or individuals who assaulted plaintiff.

Plaintiff contends that summary judgment should have been granted to him on the theory of alternative liability. To establish this theory: "a plaintiff must demonstrate that all possible tortfeasors are before the court; that all have breached a duty toward the plaintiff; that the conduct of one of the defendants has caused his injuries; and that the defendants, as a group, have better access to information concerning the incident than does the plaintiff" (*New York Tel. Co. v AAER Sprayed Insulations*, 250 AD2d 49, 52 [1998]; *see also Hymowitz v Lilly & Co.*, 73 NY2d 487, 505 [1989], *cert denied* 493 US 944 [1989]; *Burns v Haines Equip.*, 284 AD2d 922, 924 [2001]; *Lamitie v Emerson Elec. Co.-White Rodgers Div.*, 241 AD2d 827, 829 [1997]; *Thrower v Smith*, 62 AD2d 907, 920-921 [1978], *affd* 46 NY2d 835 [1978].) Upon the facts, we find that plaintiff failed to sustain his burden. Foremost, plaintiff cannot demonstrate that all possible tortfeasors are before the court—a requirement which must be met with a "virtual[ ] absolute level of certainty" (*New York Tel. Co. v AAER Sprayed Insulations, supra* at 55). Moreover, plaintiff cannot establish that all named defendants breached a duty toward him by their mere presence at the Lewis residence when consistent testimony demonstrates that defendants sought to amicably resolve this conflict. Regarding the requirement that all had to have breached a duty toward plaintiff, even plaintiff acknowledges that Hunter played no part in the altercation.

The theory of concerted action liability, as an alternative basis for recovery, bodes no better. This theory "provides for joint and several liability on the part of all defendants having an understanding, express or tacit, to participate in 'a common plan or design to commit a tortious act' " (*Hymowitz v Lilly & Co., supra* at 506, quoting Prosser and Keeton, Torts § 46, at 323 [5th ed]; *see Rastelli v Goodyear Tire & Rubber*, 79 NY2d 289, 295 [1992]; *Perry v City of New York*, 170 AD2d 350, 351 [1991]). To successfully proceed under this theory, it is "essential that each defendant charged with acting in concert have acted tortiously and that one of the defendants committed an act in pursuance of the agreement which constitutes a tort" (*Rastelli v Goodyear Tire & Rubber, supra* at 295). As this record fails to establish that these defendants, " 'in pursuance of a common plan or design to commit a tortious act, actively [took] part in it, . . . further[ed] it by cooperation or request, . . . len[t] aid or encouragement to the wrongdoer, or ratif[ied] and adopt[ed] his acts done for their benefit' " (*Perry v City of New York, supra* at 351, quoting Prosser, Torts § 46, at 292 [4th ed]), the requisite elements of an agreement cannot be established; "[p]arallel activity, without more, is insufficient to establish the agreement element necessary to maintain a concerted action claim" (*Hymowitz v Lilly & Co., supra* at 506). For these reasons, Supreme Court properly denied plaintiff's cross motion for summary judgment.

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.