■ VIVIAN RODRIGUEZ, Also Known as JULIE RODRIGUEZ, Appellant, v CITY OF NEW YORK et al., Defendants, and EAMES YATES PRODUCTIONS, INC., et al., Respondents. [827 NYS2d 220]—

In an action to recover damages for personal injuries, the

plaintiff appeals from so much of an order of the Supreme Court, Kings County (Partnow, J.), entered November 24, 2004, as granted the pre-answer motion of the defendants Eames Yates Productions, Inc., Home Box Office, Inc., and Time Warner, Inc., to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were to dismiss the eighth and ninth causes of action and substituting therefor a provision denying those branches; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action against, among others, the City of New York, the Police Department of the City of New York (hereinafter the NYPD), Eames Yates Productions, Inc. (hereinafter Eames Yates), Home Box Office, Inc. (hereinafter HBO), and Time Warner, Inc. (hereinafter Time Warner), to recover damages for personal injuries she allegedly sustained when a NYPD detective fired his gun and shot her during the execution of a search warrant on August 4, 2003. The plaintiff alleges that, in addition to using excessive force, the NYPD, inter alia, falsely arrested her, falsely imprisoned her, and maliciously prosecuted her. She therefore asserts various state tort causes of action against the City and the NYPD as well as a federal cause of action for liability under 42 USCA § 1983.

In the same complaint, the plaintiff alleges that Eames Yates filmed the NYPD's execution of the search warrant for possible inclusion in a reality-based television program being developed for the defendants HBO and Time Warner. Liberally construed (*see* CPLR 3026), the complaint alleges, in pertinent part, that, prior to and during the filming of the incident, Eames Yates, HBO, and Time Warner planned, conspired, encouraged, and agreed with the police that excessive force would be used in order to maximize the entertainment value of the television program, and that this common plan, in turn, created an unreasonable danger to innocent bystanders such as the plaintiff, and proximately caused her injuries.

In lieu of an answer, Eames Yates, HBO, and Time Warner moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. The Supreme Court granted the motion and this appeal followed.

Accepting the complaint's allegations as true, according the plaintiff the benefit of every favorable inference, and determining only whether the facts alleged "fit within any cognizable legal theory" (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d

409, 414 [2001]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the complaint sets forth a cognizable cause of action against Eames Yates, HBO, and Time Warner insofar as it alleges that they acted in concert and encouraged the NYPD to use excessive force, thereby leading to the plaintiff's injuries (*see Harris v Stanley*, 21 AD3d 612 [2005]; *Miele v American Tobacco Co.*, 2 AD3d 799, 805 [2003]; *Weldon v Rivera*, 301 AD2d 934 [2003]; *Herman v Wesgate*, 94 AD2d 938, 939 [1983]; *cf. Perry v City of New York*, 170 AD2d 350, 351 [1991]; *see also* Restatement [Second] of Torts § 876). Liability under a concerted action theory cannot stem from the mere act of filming the NYPD's use of excessive force (*cf. Perry v City of New York, supra*; *Prough v Olmstead*, 210 AD2d 603, 604-605 [1994]). Rather, it must be predicated on allegations that Eames Yates, HBO, and Time Warner formed a common plan with the NYPD to use excessive force in the execution of the warrant, and that such plan created an unreasonable danger to persons such as the plaintiff and was a proximate cause of her injuries (*see e.g., Harris v Stanley, supra* at 613; *Lee v Savarese*, 171 AD2d 849, 853 [1991]). The complaint in this case contains such allegations. Indeed, the plaintiff avers that the moving defendants had an understanding, express or tacit, with the NYPD to use excessive force in the execution of the warrant, and that they actively took part in the plan, furthering it by cooperation or request and by lending aid and encouragement to the NYPD (*see Canavan v Galuski*, 2 AD3d 1039, 1041 [2003]; *Vanacore v Teigue*, 243 AD2d 706 [1997]; *see also Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 295 [1992]; *Tigue v Squibb & Sons*, 73 NY2d 487, 505; *Perry v City of New York, supra*). Such allegations, if proven, could expose one or more of the moving defendants to liability for the NYPD's alleged use of excessive force upon the plaintiff (*see Canavan v Galuski, supra*; *Rastelli v Goodyear Tire & Rubber Co., supra*; *see also Dennis v Sparks*, 449 US 24, 27-28 [1980]; *Berger v Hanlon*, 129 F3d 505, 514-516 [1997], *vacated and remanded on other grounds* 526 US 808 [1999], *judgment reinstated in part* 188 F3d 1155 [1999]; *Parker v Grand Hyatt Hotel*, 124 F Supp 2d 79, 88 [2000]). Thus, the Supreme Court erred in granting those branches of the motion of Eames Yates, HBO, and Time Warner which were to dismiss the eighth and ninth causes of action.

The parties' remaining contentions are without merit. Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.