In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J), dated December 2, 2011, which granted the motion of the defendants Eames Yates Productions, Inc., and Home Box Office, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed, with costs.
In early 2001, the defendant Eames Yates Productions, Inc. (hereinafter Yates), entered into a development agreement with the defendant Home Box Office, Inc. (hereinafter HBO), to conceptualize and procure video footage for a possible documentary or reality television show about the Emergency Services Unit (hereinafter the ESU) of the Police Department of the City of New York (hereinafter the NYPD). Pursuant to the development agreement, HBO provided funding so that Yates could start the process of developing the show. With such preliminary financial backing, Yates procured video footage of the ESU and created a promotional video for HBO to review before HBO decided whether to fully fund production of the series.
*906 On August 4, 2003, a videographer working with Yates filmed an ESU squad and other police personnel as they executed a search warrant in a basement apartment that was being used as a store to sell stolen goods. The videographer filmed, among other things, the ESU squad and other police officers as they planned and prepared for execution of the search warrant. While the police searched the apartment identified in the warrant, the videographer captured video from outside the building, and audio from a wireless microphone affixed to one of the ESU squad members.
As the police entered the apartment, the plaintiff and several other “customers” were hiding inside a bathroom. One of the ESU detectives mistook an object in the plaintiffs hand for a gun, and shot the plaintiff once in the abdomen.
The plaintiff commenced this action against, among others, the City, the NYPD, Yates, HBO, and Time Warner, Inc. (hereinafter Time Warner), which is HBO’s parent company, asserting various tort claims against the City and the NYPD, including allegations that they used excessive force against her. Yates, HBO, and Time Warner (hereinafter collectively the media defendants) moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. In an order entered November 24, 2004, the Supreme Court granted the motion, and the plaintiff appealed.
On appeal, this Court reinstated the eighth and ninth causes of action as to the media defendants (see Rodriguez v City of New York, 35 AD3d 702, 703-704 [2006]). These causes of action alleged, inter alia, that prior to and during the filming of the incident, the media defendants actively planned, conspired, encouraged, and agreed with the police that excessive force would be used during the execution of the search warrant in order to maximize the entertainment value of the video footage. Those causes of action further alleged that this common plan to film the excessive use of force created an unreasonable danger to her, and proximately caused her injuries. After the completion of discovery, Yates and HBO together moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted the motion. The plaintiff appeals.
A theory of “[c]oncerted action liability rests upon the principle that ‘[a]ll those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him [or her]’ ” *907 (Bichler v Eli Lilly & Co., 55 NY2d 571, 580-581 [1982], quoting Prosser, Torts § 46 at 292 [4th ed 1978]; see Rastelli v Goodyear Tire & Rubber Co., 79 NY2d 289, 295 [1992]; D’Elia v 58-35 Utopia Parkway Corp., 43 AD3d 976, 978 [2007]; Canavan v Galuski, 2 AD3d 1039, 1041 [2003]; Vanacore v Teigue, 243 AD2d 706 [1997]). As stated in our prior decision in this action, the liability of HBO and Yates under a concerted action theory “cannot stem from the mere act of filming the NYPD’s use of excessive force” (Rodriguez v City of New York, 35 AD3d at 704, citing Perry v City of New York, 170 AD2d 350, 351 [1991]; Prough v Olmstead, 210 AD2d 603, 604-605 [1994]). Such liability must be predicated on proof that HBO and Yates “formed a common plan with the NYPD to use excessive force in the execution of the warrant, and that such plan created an unreasonable danger to persons such as the plaintiff and was a proximate cause of her injuries” (Rodriguez v City of New York, 35 AD3d at 704, citing, inter alia, Harris v Stanley, 21 AD3d 612 [2005]; Miele v American Tobacco Co., 2 AD3d 799, 805 [2003]).
Here, Yates and HBO established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that they did not participate, either directly or indirectly, in a common plan or design to commit the allegedly tortious act that caused the plaintiffs injuries (see Zureck v Wheeler, 217 AD2d 545, 545-546 [1995]; cf. Wilson v DiCaprio, 278 AD2d 25, 26 [2000]; cf. also Vanacore v Teigue, 243 AD2d 706 [1997]; Policastro v Savarese, 171 AD2d 849, 852-853 [1991]). In particular, Yates and HBO demonstrated that they did not make any suggestion or recommendation as to how the police should conduct themselves during the execution of the search warrant. In addition, contrary to the plaintiffs contention, the evidence submitted by Yates and HBO demonstrated that the videographer never entered the building, let alone the apartment in which the plaintiff was shot. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the motion of Yates and HBO for summary judgment dismissing the complaint insofar as asserted against them.
The plaintiffs remaining contentions are without merit. Eng, EJ., Dillon, Dickerson and Sgroi, JJ., concur.