■ JAMES FLANAGAN, Respondent, v THOMAS WOLFF, SR., et al., as Parents and Natural Guardians of THOMAS WOLFF, JR., an Infant, et al., Defendants/Third-Party Plaintiffs-Respondents, and ROBERT E. JUVET et al., as Parents and Natural Guardians of JAMES JUVET, an Infant, et al., Defendants/Second Third-Party Plaintiffs-Respondents. DREW SANTORELLO et al., Third-Party Defendants/Second Third-Party Defendants-Respondents; JAMES SPOONLEY, Third-Party Defendant/Second Third-Party Defendant-Appellant, et al., Third-Party Defendant/Second Third-Party Defendant. [26 NYS3d 102]—

In an action to recover damages for personal injuries, the third-party defendant/second third-party defendant James Spoonley appeals, as limited by his brief, from (1) so much of a

judgment of the Supreme Court, Suffolk County (Pastoressa, J.), entered July 17, 2013, as, upon a jury verdict on the issue of liability finding the defendant/third-party plaintiff Thomas Wolff, Jr., the defendant/second third-party plaintiff James Juvet, and the third-party defendants/second third-party defendants Drew Santorello, Michael Chapman, Charles Wolff, Mark M. Werner, Jr., and James Spoonley equally at fault for the injuries sustained by the plaintiff, and apportioning liability among those parties at 14.286% each, and upon a stipulation between the parties that the plaintiff suffered damages in the sum of $750,000, is in favor of the defendant/third-party plaintiff Thomas Wolff, Jr., and against him in the principal sum of $107,142.85, and (2) so much of an order of the same court dated March 18, 2014, as denied his motion pursuant to CPLR 3126 to dismiss the second third-party complaint insofar as asserted against him.

Ordered that the judgment and the order are affirmed insofar as appealed from, with one bill of costs to the defendants/third-party plaintiffs and the defendants/second third-party plaintiffs.

The plaintiff, James Flanagan, was among partygoers at an outdoor party on the evening of September 24, 2005, following his high school's homecoming. Fellow students allegedly carried out a prank on the unsuspecting partygoers by shooting paintballs from a paintball gun. Although the plan reportedly was to shoot the paintballs into the ground or at the feet of the partygoers, the plaintiff was struck in the left eye by a paintball. The plaintiff subsequently commenced this action against Thomas Wolff, Jr. (hereinafter Wolff), and James Juvet (hereinafter Juvet), and their parents, alleging that Wolff and Juvet engaged in negligent conduct which subjected him to an unreasonable risk of danger, and battery, resulting in his personal injury. Wolff thereafter filed a third-party summons and complaint against James Spoonley (hereinafter the appellant), and others, seeking contribution and indemnification. The third-party complaint alleged that any injuries sustained by the plaintiff were caused by the active negligence of the third-party defendants acting individually, or with a common scheme or design, to engage in reckless and careless conduct. Juvet thereafter commenced a second third-party action against the same third-party defendants for contribution and indemnification, making the same allegations.

Following a jury verdict finding Wolff, Juvet, the appellant, and four other third-party defendants/second third-party defendants equally at fault for the plaintiff's injuries, the appel-

lant moved pursuant to CPLR 3126 to dismiss the second third-party complaint insofar as asserted against him. The appellant argued that Juvet's invocation during his pretrial depositions of his Fifth Amendment privilege against self-incrimination amounted to an attempt to use the privilege as a sword instead of a shield, and that the Supreme Court should dismiss the second third-party complaint as a sanction for obstructing the discovery schemes afforded under the CPLR. The court denied the motion.

Contrary to the appellant's contention, by failing to move for sanctions pursuant to CPLR 3126 until after trial, the appellant waived his claim that Juvet had failed to meet his disclosure obligations (*see K-F/X Rentals & Equip., LLC v FC Yonkers Assoc., LLC*, 131 AD3d 945 [2015]; *Iscowitz v County of Suffolk*, 54 AD3d 725 [2008]; *Brown v Veterans Transp. Co.*, 170 AD2d 638 [1991]; *see also Kagan v Morano*, 102 AD2d 844 [1984]). Thus, the Supreme Court properly denied his motion pursuant to CPLR 3126 to dismiss the second third-party complaint. In any event, the appellant neither made a clear showing of willful and contumacious conduct on the part of Juvet to warrant the drastic remedy of dismissing the second third-party complaint, nor demonstrated that he had been substantially prejudiced in his ability to defend the second third-party action (*see Iscowitz v County of Suffolk*, 54 AD3d at 725).

Contrary to the appellant's contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in refusing to admit into evidence a transcript of an instant message conversation between Wolff and the plaintiff conducted three months after the incident (*see Bernard v Bernstein*, 126 AD3d 833 [2015]; *American Tel. & Tel. Co. v Lincoln Indus. Enters.*, 122 AD2d 925, 927 [1986]; *People v Olibencia*, 45 AD3d 607 [2007]). The court also providently exercised its discretion in granting the plaintiff's motion in limine to preclude any mention of frozen paintballs, and in limiting the cross-examination of Wolff by the appellant's counsel (*see Caserta v Levittown School Dist.*, 12 AD3d 549 [2004]; *Rosenthal v Allstate Ins. Co.*, 248 AD2d 455 [1998]).

The evidence adduced at trial was legally sufficient to warrant an instruction to the jury on acting in concert (*see Rodriguez v City of New York*, 112 AD3d 905 [2013]; *D'Elia v 58-35 Utopia Parkway Corp.*, 43 AD3d 976 [2007]; *Harris v Stanley*, 21 AD3d 612 [2005]; *Herman v Wesgate*, 94 AD2d 938 [1983]; PJI 2:275.3). Dillon, J.P., Austin, Roman and Barros, JJ., concur.