Jordan v New York City Hous. Auth. (2025 NY Slip Op 00312)

Jordan v New York City Hous. Auth.

2025 NY Slip Op 00312

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04921
 (Index No. 518391/17)

[*1]Linda Jordan, respondent, 
v
New York City Housing Authority, appellant.

Cullen and Dykman LLP, New York, NY (Diana Neyman of counsel), for appellant.
Harris Keenan & Goldfarb PLLC, New York, NY (Jason Steinberg of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated November 9, 2022. The order, in effect, denied the defendant's motion pursuant to CPLR 3126 to dismiss the complaint, or, in the alternative, to preclude the plaintiff from offering testimony at trial, or, in the alternative, to compel the plaintiff to appear in New York in advance of trial for the defendant to conduct independent medical examinations of the plaintiff, and instead directed the defendant to conduct its independent medical examinations of the plaintiff virtually or in Arizona.
ORDERED that the order is modified, on the law and in the exercise of discretion, by adding provisions thereto directing the plaintiff to bear the reasonable cost of airfare and accommodations for the defendant's doctors should the defendant choose to conduct independent medical examinations of the plaintiff in Arizona; as so modified, the order is affirmed, with costs to the defendant.
In 2017, the plaintiff commenced this action against the defendant to recover damages for personal injuries she alleged she sustained when she tripped and fell in 2016 on a sidewalk abutting property owned by the defendant. In 2019, the plaintiff moved to Arizona. The plaintiff maintained that, due to health reasons, she could not travel to New York for her deposition and independent medical examinations (hereinafter IMEs). In 2021, the plaintiff's deposition was held virtually. Thereafter, the defendant moved pursuant to CPLR 3126 to dismiss the complaint, or, in the alternative, to preclude the plaintiff from offering testimony at trial, or, in the alternative, to compel the plaintiff to appear in New York in advance of trial for the defendant to conduct IMEs of the plaintiff. In an order dated November 9, 2022, the Supreme Court, in effect, denied the motion and instead directed the defendant to conduct IMEs of the plaintiff virtually or in Arizona. The defendant appeals.
Although the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (see Jurlina v Town of Brookhaven, 215 AD3d 936, 937), "the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Harris v City of New York, 117 AD3d 790, 791). Here, under the particular circumstances [*2]of this case, the Supreme Court should not have forced the defendant to choose between the expense of conducting IMEs of the plaintiff in Arizona or the prejudice the defendant may suffer by having to conduct virtual IMEs. Thus, the court should have directed that the reasonable cost of airfare and accommodations for the defendant's doctors to conduct the IMEs in Arizona should be borne by the plaintiff (see Feng Wang v A & W Travel, Inc., 130 AD3d 974, 977). The defendant should also be permitted to choose the doctors who will conduct the IMEs even if the IMEs take place in Arizona (see Yu Hui Chen v Chen Li Zhi, 109 AD3d 815, 816-817).
Under the circumstances of this case, the Supreme Court properly denied the remaining relief sought by the defendant (see Flanagan v Wolff, 136 AD3d 739, 741; Hughes v Cai, 55 AD3d 675, 675).
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court