■ ROBERT POLICASTRO, Respondent-Appellant, v GERARD A. SAVARESE et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. INCORPORATED VILLAGE OF LAKE GROVE, Third-Party Defendant-Appellant-Respondent. (Action No. 1.) WAYNE KEELTY et al., Respondents, v GERARD A. SAVARESE et al., Appellants, et al., Defendants. (Action No. 2.) ROBERT POLICASTRO, Respondent-Appellant, v INCORPORATED VILLAGE OF LAKE GROVE, Appellant-Respondent. (Action No. 3.) GORDON J. LEE et al., Respondents, v MICHAEL SAVARESE et al., Defendants and Third-Party Plaintiffs-Appellants. INCORPORATED VILLAGE OF LAKE GROVE, Third-Party Defendant-Appellant. (Action No. 4.)—In four related negligence actions to recover damages for personal injuries and/or wrongful death, etc., (1) the defendant Incorporated Village of Lake Grove appeals from so much of a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered September 26, 1988, as, upon a jury verdict, is in favor of the plaintiff Robert Policastro in Action Nos. 1 and 3, and against it in the principal sum of $525,000 (of which $110,000 is for pain and suffering and $130,000 is for loss of earnings to the date of judgment), the defendants Gerard A. Savarese and Michael A. Savarese separately appeal from so much of the same judgment as is in favor of Robert Policastro and against them in the principal sum of $475,000 (of which $110,000 is for pain and suffering and $130,000 is for loss of earnings to the date of judgment), and Robert Policastro cross-appeals from the same judgment on the ground of inadequacy, (2) the defendant Incorporated Village of Lake Grove appeals from so much of a judgment of the same court, entered September 23, 1988, as, upon a jury verdict, is in favor of the plaintiff J. Wayne Keelty in Action

No. 2 and against it in the principal sum of $2,489,561 (of which $1,000,000 is for pain and suffering, $1,000,000 is for loss of enjoyment of life, and $420,000 is for loss of future earning capacity), and is in favor of the plaintiff Alice I. Keelty in Action No. 2 and against it in the principal sum of $150,000, and the defendant Gerard A. Savarese and Michael A. Savarese separately appeal from so much of the same judgment as is in favor of the plaintiff J. Wayne Keelty and against them in the principal sum of $2,439,000 (of which $1,000,000 is for pain and suffering, $1,000,000 is for loss of enjoyment of life, and $420,000 is for loss of future earning capacity), and is in favor of the plaintiff Alice I. Keelty and against them in the principal sum of $150,000, and (3) the defendants third-party plaintiffs in Action No. 4 and the third-party defendant Incorporated Village of Lake Grove separately appeal from a judgment of the same court, entered September 26, 1988, which, upon a jury verdict, is in favor of the plaintiff and against the defendants third-party plaintiffs in the principal sum of $408,298.

Ordered that the judgment entered September 26, 1988, in Action Nos. 1 and 3, is modified, on the law and the facts and as a matter of discretion, by reducing the award to the plaintiff Robert Policastro to the principal sum of $285,000 against the defendant Incorporated Village of Lake Grove and to the principal sum of $235,000 against the defendants Gerard A. Savarese and Michael J. Savarese, representing damages exclusive of damages for pain and suffering and loss of earnings to the date of judgment, severing the plaintiff Robert Policastro's claims in Action Nos. 1 and 3 for damages for pain and suffering and loss of earnings to the date of judgment, and granting a new trial to the plaintiff Robert Policastro with respect to damages for pain and suffering unless the defendants in Action Nos. 1 and 3 shall serve and file in the Office of the Clerk of the Supreme Court, Suffolk County, a written stipulation signed by them consenting to increase the verdict as to his damages for pain and suffering from the principal sum of $110,000 to the principal sum of $300,000, and to the entry of an amended judgment accordingly, and granting a new trial to the defendants with respect to damages for loss of earnings to the date of judgment unless the plaintiff Robert Policastro shall serve and file in the Office of the Clerk of the Supreme Court, Suffolk County, a written stipulation signed by him consenting to decrease the verdict as to damages for loss of earnings to the date of judgment from $130,000 to $75,000 and to the entry of an amended judgment accordingly;

as so modified, the judgment entered September 26, 1988, in Action Nos. 1 and 3, is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment entered September 23, 1988, is modified, on the law and the facts and as a matter of discretion, by reducing the award to the plaintiff J. Wayne Keelty to the principal sum of $69,000 against the defendant Incorporated Village of Lake Grove and to the principal sum of $19,000 against the defendants Gerard A. Savarese and Michael J. Savarese, representing damages exclusive of damages for pain and suffering, for loss of enjoyment of life and for future loss of earnings, severing the plaintiff J. Wayne Keelty's claims in Action No. 2 for damages for pain and suffering, and for future loss of earnings and granting the defendants a new trial with respect thereto unless the plaintiff J. Wayne Keelty shall serve and file in the office of the clerk of the Supreme Court, Suffolk County, a written stipulation signed by him consenting to reduce the verdict as to his damages for pain and suffering and loss of enjoyment of life from the principal sum of $2,000,000 to the principal sum of $1,000,000, representing vacatur of the separate award for loss of enjoyment of life, and consenting to reduce the verdict as to his damages for future loss of earnings from the principal sum of $420,000 to the principal sum of $255,000, and to the entry of an amended judgment accordingly; as so modified, the judgment entered September 23, 1988, is affirmed, without costs or disbursements, and it is further,

Ordered that the judgment entered September 26, 1988, in Action No. 4, is affirmed, without costs or disbursements; and it is further,

Ordered that the time for the plaintiffs Robert Policastro and J. Wayne Keelty and the time of the defendants in Action Nos. 1 and 3 to serve and file the stipulations is extended until 20 days after service upon them of a copy of this decision and order with notice of entry, and it is further,

Ordered that in the event that the plaintiff Robert Policastro and the defendants in Action Nos. 1 and 3 so stipulate, then the judgment entered September 26, 1988, in those actions is affirmed, without costs or disbursements; and it is further,

Ordered that in the event the plaintiff J. Wayne Keelty so stipulates, then the judgment entered September 23, 1988, is affirmed, without costs or disbursements.

Shortly after midnight on July 10, 1983, Gerard Savarese

drove his vehicle around a curve on Pond Path in the Incorporated Village of Lake Grove and crashed into a vehicle driven by J. Wayne Keelty. Savarese and his passenger were not seriously injured. However, Keelty, his wife and another passenger Robert Policastro suffered severe injuries. A fourth occupant of the Keelty car, Susan Mary Lee, was killed. These four negligence actions ensued.

Policastro and the Keeltys, in addition to the claims made against Savarese, alleged that the village was negligent in that it failed to maintain the roadway at the intersection of Stony Brook Road and Pond Path, where the accident occurred, in a safe condition. The Keeltys and the administrator of Lee's estate also sued Scott McMullen, Savarese's friend who was driving behind the Savarese vehicle at the time of the accident, and Robert McMullen the owner of the car Scott McMullen was driving. The complaint alleged that Savarese and McMullen had engaged in a speed contest or other reckless conduct which was a proximate cause of the accident. Following a joint trial, the jury apportioned 75% of the fault in the happening of the accident to Savarese, 20% to McMullen, and 5% to the village. No issue is raised on appeal with respect to Savarese's liability.

A jury verdict will not be set aside absent a showing that the jurors could not have reached their verdict on any fair interpretation of the evidence (see, Nelson v City of New Rochelle, 154 AD2d 661; Nicastro v Park, 113 AD2d 129). We decline to disturb the jury's apportionment of fault with respect to the village. A municipality has a duty to construct and maintain its highways in a reasonably safe condition (see, Gutelle v City of New York, 55 NY2d 794; Demesmin v Town of Islip, 147 AD2d 519). Based on the testimony of expert witnesses, the jury could fairly conclude that the village either created or failed to correct a defect in the roadway when it reconstructed and resurfaced the subject intersection and that this defect was a proximate cause of the accident. The contention of the village that it was prejudiced by the court's charge is without merit.

Similarly, we find that the jury's apportionment of fault with respect to the McMullens was based on a fair interpretation of the evidence and should not be disturbed. As there was no contact between the McMullen vehicle and either the Savarese or Keelty vehicles, and no independent act of negligence by Scott McMullen was alleged to have caused the accident, the court properly instructed the jury that the claim against the McMullens was based on a theory of concerted

action liability. In order to find the McMullens liable, the jury was instructed that the evidence must show that Scott McMullen and Gerard A. Savarese agreed, either expressly or impliedly, to engage in a particular course of conduct which created an unreasonable danger to other users of the highway and which was a proximate cause of the accident *(see, Bichler v Lilly & Co.,* 55 NY2d 571; *Finn v Morgan,* 46 AD2d 229). There was ample evidence, in particular the testimony of the occupants of a vehicle following behind the Savarese and McMullen vehicles that night, from which the jury could infer such an agreement *(cf., Shea v Kelly,* 121 AD2d 620). The McMullens' contention that the court's charge was erroneous is without merit.

Certain elements of the jury's verdict on damages are challenged on appeal. The finding that the estate of Susan Mary Lee sustained pecuniary damages in the amount of $471,000 is based on a fair interpretation of the evidence. Lee was 36 years old at the time of her death and had two children, ages 12 and 14, who testified at the trial with respect to the services and guidance she had provided. Although an award in a wrongful death action is limited to pecuniary damages, the loss of parental care and guidance may be considered an element of such damages *(see, DeLong v County of Erie,* 89 AD2d 376, *affd* 60 NY2d 296; *Kenavan v City of New York,* 120 AD2d 24, *affd* 70 NY2d 558). In view of the variety of factors which can be considered in determining pecuniary damages *(see, Nussbaum v Gibstein,* 138 AD2d 193, *revd on other grounds* 73 NY2d 912), the award was not excessive.

Policastro contends that the award of damages of $110,000 for pain and suffering was inadequate. As his actions were commenced prior to the effective date of CPLR 5501 (c) and the trial was commenced prior to August 1, 1988, the jury's assessment of damages must be reviewed under the standard of whether the verdict is so excessive or inadequate that it shocks the conscience of the court *(see, Rivera v City of New York,* 160 AD2d 985; *Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126). In view of the nature of Policastro's injuries, his lengthy rehabilitation and the permanency of the injuries to his leg and heart, we find that the verdict was inadequate to the extent indicated. We find that the verdict for loss of past earnings is excessive to the extent indicated.

J. Wayne Keelty was awarded separate damages of $1,000,000 for pain and suffering and $1,000,000 for loss of enjoyment of life. The court erred in charging the jury that these are

separate and distinct elements of damages *(see, McDougald v Garber,* 73 NY2d 246; *Nussbaum v Gibstein,* 73 NY2d 912, *supra; Venable v New York City Tr. Auth.,* 165 AD2d 871), as the suffering attributable to the limitation of life's activities is a factor to be considered in awarding damages for pain and suffering *(see, McDougald v Garber, supra).* The award for loss of enjoyment of life must be vacated. With respect to the issue of Keelty's pain and suffering, his injuries included a brain injury, which required him to undergo extensive rehabilitation and which resulted in some permanent paralysis, a broken leg which resulted in a limp, and a damaged eye muscle which resulted in double vision. In view of the nature of his injuries and their permanency, we find that an award of $1,000,000 for pain and suffering is appropriate.

Finally, in instructing the jury on Keelty's claim for loss of future earnings, the court stated that his work life expectancy was 28 years, which was his life expectancy, not his work life expectancy. At another point during the trial, the trial court found that Keelty's work life expectancy was only 17 years, based upon the fact that Keelty was past his forty-seventh birthday at the time of the trial, but, during its instructions to the jury, apparently confused work life expectancy and life expectancy. It appears that the jury calculated Keelty's loss of future earnings as $15,000 a year. Thus, a new trial is granted unless the plaintiff stipulates to a reduction of the award for loss of future earnings to the principal amount of $255,000, which represents a loss of $15,000 a year for a work life expectancy of 17 years. Brown, J. P., Kunzeman and Kooper, JJ., concur.

Lawrence, J. concurs in part and dissents in part, and votes to grant the Incorporated Village of Lake Grove a new trial, with the following memorandum: I concur with my colleagues with regard to all the issues raised on these appeals, except the claims with regard to the liability of the defendant Incorporated Village of Lake Grove.

As noted by the majority, the general claim against the Village was that it had failed to maintain in a safe condition Stony Brook Road and Pond Path. There was extensive testimony presented by both lay and expert witnesses with regard to three theories of liability against the Village: (a) the alleged improper markings and lack of markings on the roadways, (b) the alleged improper signs and lack of signs on the roadways, and (3) an alleged defect in the roadways, which purportedly might cause a vehicle to slide to the wrong side of Pond Path, when it entered that road from Stony Brook Road.

At the conclusion of all of the testimony, the trial court, in effect, dismissed two theories of liability as against the Village. Specifically it indicated that in its final charge to the jury, it would instruct them that the alleged misplacement or lack of markings or signs on the roadways were not proximate causes of the accident as a matter of law and the jury was not to consider those claims, relying on *Atkinson v County of Oneida* (59 NY2d 840). In addition, the trial court indicated that it would sustain an objection to any summation comments that those factors were a proximate cause of the accident.

In compliance with the trial court's ruling, none of the attorneys made any reference in their summations to the alleged misplacement or lack of markings or signs on the roadways during their comments concerning the proximate causes of the accident. After summations, the counsel for the Village formally requested the trial court to instruct the jury in its final charge not to consider the alleged misplacement or lack of markings or signs on the roadways. Despite its earlier ruling, the trial court denied the request, noting that it would simply not mention the subject. During its charge to the jury, the trial court did not limit the jury to a consideration of the alleged defect in the roadways which might cause a vehicle to slide. Rather, the jury was specifically instructed that they could consider all of the testimony they had heard, and that certain expert witnesses had given their opinions "with respect to how the accident occurred and what various factors contributed to it". Thus, the trial court's instructions clearly permitted the jury to consider the alleged misplacement or lack of markings or signs on the roadways.

While there may have been sufficient evidence upon which the jury could find the Village liable based on the alleged defect in the roadways, the jury did not indicate the basis for its liability verdict. Therefore, I cannot conclude that the Village, which was found 5% at fault in the happening of the accident, was not prejudiced by the trial court's rulings *(see, Wirth v De Vito,* 74 AD2d 827; *see also, Cumbo v Valente,* 118 AD2d 679). Specifically, in light of the trial court's initial ruling concerning its charge to the jury, the counsel for the Village reasonably refrained from commenting in his summation on the extensive testimony concerning the alleged misplacement or lack of markings or signs on the roadways. Further, the trial court's subsequent refusal to specifically instruct the jury as requested by counsel for the Village

resulted in a confusing charge which failed to fully inform the jurors how they were to apply the facts to the law.

Accordingly, under these circumstances, I find that the Village is entitled to a new trial on the issue of its liability and if necessary, a new determination on the apportionment of fault.