■ Francis J. Coughlin, Respondent, v Richard Bartnick, Jr., Respondent, and Abdelalim M. Abdelalim et al., Appellants. [740 NYS2d 394] —In an action to recover damages for personal injuries and wrongful death, the defendants

Abdelalim M. Abdelalim and Atlantic Avenue Limousine appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated April 16, 2001, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendant is severed.

On January 17, 1997, the defendant Abdelalim M. Abdelalim, a driver employed by the defendant Atlantic Avenue Limousine, was driving in the left lane on Court Street in Brooklyn. Abdelalim stopped the vehicle when he saw the plaintiff's decedent emerge from between two parked cars on his left, crossing Court Street between President and Carroll Streets. Thereafter, a vehicle driven by the defendant Richard Bartnick, Jr. (hereinafter Bartnick), in the right lane on Court Street, struck the decedent. The accident ultimately resulted in her death. The plaintiff commenced this action, alleging that the defendants' negligent operation of the vehicles caused the decedent's injuries and death. The Supreme Court denied the motion of the defendants Abdelalim and Atlantic Avenue Limousine for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. We reverse.

The appellants demonstrated their entitlement to summary judgment by presenting testimony of Abdelalim at an examination before trial that he stopped his vehicle several feet away from the plaintiff's decedent and that Bartnick's car struck the decedent. The plaintiff failed to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York,* 49 NY2d 557, 562 [internal quotation marks omitted]). Issues based on conclusory or irrelevant allegations are insufficient to defeat a motion for summary judgment (*see Rotuba Extruders v Ceppos,* 46 NY2d 223). While a plaintiff in a wrongful death case is held to a lesser standard of proof (*see Noseworthy v City of New York,* 298 NY 76), "that does not relieve the plaintiff of the obligation to provide some proof from which negligence could reasonably be inferred" (*Byrd v New York City Tr. Auth.,* 228 AD2d 537; *see also Johnson v Sniffen,* 265 AD2d 304).

Abdelalim's consistent and uncontradicted testimony at the examination before trial was that the accident occurred when the automobile driven by Bartnick struck the decedent. The minor inconsistencies in Abdelalim's testimony are insufficient to raise a bona fide issue as to his credibility (*see Robinson v*

*NAB Constr. Corp.,* 210 AD2d 86). A New York City Police Department "Motor Vehicle Accident and Mechanical Report," which gave a different account of the accident than that provided by Abdelalim, was prepared by a detective who did not witness the accident and did not state the source of his information. Thus, it was insufficient to raise any triable issue of fact (*see Siegel v Terrusa,* 222 AD2d 428, 429; *Gagliano v Vaccaro,* 97 AD2d 430, 431; *Murray v Donlan,* 77 AD2d 337, 342-347). Accordingly, the motion for summary judgment should have been granted.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Feuerstein, S. Miller and Schmidt, JJ., concur.