■ CATHERINE M. WELDON, Respondent, v GILBERT RIVERA, Defendant, and EDWIN TOUMA, Appellant. [754 NYS2d 698] —Kane, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered December 26, 2001 in Saratoga County, which, inter alia, denied defendant Edwin Touma's motion to dismiss the complaint against him.

Plaintiff commenced this action seeking damages for injuries allegedly sustained as a result of an alleged rape and assault by defendants in May 1999. Following joinder of issue and discovery, defendant Edwin Touma moved to dismiss the complaint for failure to state a cause of action (*see* CPLR 3211 [7]) or, alternatively, for summary judgment (*see* CPLR 3212). Supreme Court denied the motion, prompting this appeal.

On his motion seeking dismissal of the first cause of action alleging rape, Touma argues that defendant Gilbert Rivera engaged in consensual sexual intercourse with plaintiff and, therefore, there can be no rape and that, in any event, there is no proof that Touma engaged in any act of sexual intercourse or assault. Plaintiff counters that Touma acted in concert with Rivera, she objected to the act of sexual intercourse and she was so incapacitated as a result of the consumption of alcohol that she lacked capacity to consent.

Without dispute, Rivera engaged in an act of sexual intercourse with plaintiff in plaintiff's dormitory room on May 6, 1999. It is further without question that Touma was present during said act, but that he did not physically engage in an act of sexual intercourse with plaintiff. Plaintiff testified, at her examination before trial, that she verbally objected to the act of intercourse by Rivera and, further, she was so intoxicated that she passed in and out of a state of consciousness and, as such, was rendered helpless to object. Under these circum-

stances, there are issues of fact as to whether Rivera raped and assaulted plaintiff (*see* Penal Law § 130.25 [1]).

Plaintiff urges liability as to Touma on the theory of concerted action liability, which rests upon the principle that " '[all] those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him' " (*Bichler v Eli Lilly & Co.*, 55 NY2d 571, 580-581, quoting Prosser, Torts § 46, at 292 [4th ed]; *see also* Restatement [Second] of Torts § 876). Under this theory, one who does not directly cause an injury may be jointly and severally liable for said injury. Here, the proof submitted raises factual questions as to Touma's involvement in Rivera's acts. A factfinder may well conclude—based upon Touma's alleged urging of plaintiff to consume additional alcohol (given her already highly intoxicated condition), his physically affectionate conduct toward plaintiff, his urging of plaintiff to be affectionate with Rivera, his procurement of a condom with Rivera, his remaining in the room watching the acts of Rivera and his kissing plaintiff while Rivera and plaintiff were engaging in the act of sexual intercourse—that Touma had an implied agreement with Rivera to incapacitate plaintiff and then to have Rivera engage in sexual conduct with plaintiff with or without her consent and that he furthered that plan by these acts. Because we find that plaintiff's pleadings set forth a cause of action for rape and assault against Touma (*see generally Goshen v Mutual Life Ins. Co.*, 98 NY2d 314, 326) and that plaintiff's evidence is sufficient to raise a triable issue of fact (*see e.g. Zuckerman v City of New York*, 49 NY2d 557, 562), Supreme Court properly denied Touma's motion to dismiss plaintiff's first cause of action.

With regard to the second cause of action alleging negligence and recklessness, having failed to address this argument in her brief, other than a scant reference, plaintiff apparently has conceded Touma's argument that this cause of action fails to state a cognizable cause of action under New York law. Nevertheless, were we to consider it, the second cause of action must be dismissed as there is no legal precedent in this state which imposes a legal duty upon Touma under the circumstances presented herein (*see Delamater v Kimmerle*, 104 AD2d 242, 244; *Moyer v Lo Jim Cafe*, 19 AD2d 523, 524, *affd* 14 NY2d 792). Accordingly, Touma's motion to dismiss the second cause of action should have been granted.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Edwin Touma's motion to dismiss the second cause of action; motion granted to that extent and second cause of action dismissed; and, as so modified, affirmed.