■ CORNELIUS ALEXY et al., as Administrators of the Estate of JAMES ALEXY, Deceased, Appellants, v RICHARD STEIN, Respondent. [794 NYS2d 455]—

Mercure, J.P. Appeals (1) from an order of the Supreme Court (Meddaugh, J.), entered June 27, 2003 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered August 17, 2004 in Sullivan County, which denied plaintiffs' motion to renew and reinstate the complaint.

This wrongful death action arose out of an incident during which defendant fatally shot plaintiffs' son, James Alexy (hereinafter decedent). As set forth in defendant's moving papers, defendant responded to his front doorbell but found no one at the door. Decedent was seen running to the back of defendant's house. Defendant fired a rifle into the air and yelled at decedent to leave, but decedent entered the house through the back door. When defendant encountered him in the back foyer, decedent grabbed a vacuum cleaner and attacked defendant, which provoked the fatal shot. Following a police investigation, the case was presented to a grand jury, which returned a "no true bill" against defendant. Plaintiffs then commenced this action and, after joinder of issue, Supreme Court granted defendant's motion for summary judgment dismissing the complaint. The

court subsequently denied plaintiffs' motion to renew and reinstate the complaint. Plaintiffs appeal from both orders, and we affirm.

The parties are in agreement that decedent's death cannot be deemed wrongful if defendant's use of deadly force without retreating to safety was justified. Defendant, who was concededly in his own dwelling, was justified if he believed that decedent was using or about to use deadly physical force and if defendant was not the initial aggressor (*see* Penal Law § 35.15 [2] [a]; *People v Hernandez*, 98 NY2d 175, 182 [2002]; *see also Cook v City of New York*, 82 AD2d 72, 75-76 [1981]). Plaintiffs contend that summary judgment is precluded by the existence of questions of fact on the issue of justification, i.e., whether decedent was the initial aggressor and whether defendant reasonably believed that decedent was attacking him.

Defendant's testimony and the contemporaneous statements of defendant and a witness to the incident, along with physical evidence from the scene, substantiate defendant's version of the incident. The record also bears evidence suggesting that decedent was emotionally disturbed and acting irrationally at the time of the incident. We conclude that defendant established prima facie that decedent was the initial aggressor and that defendant reasonably believed decedent was attacking him. Thus, the burden shifted to plaintiffs to produce evidence in admissible form sufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposing the motion for summary judgment, plaintiffs pointed only to minor inconsistencies in defendant's testimony and speculated that decedent entered the house for blameless reasons. Such minor inconsistencies and "conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to overcome a motion for summary judgment (*id.*; *see Oliveira v County of Broome*, 5 AD3d 898, 899 [2004]; *Coughlin v Bartnick*, 293 AD2d 509, 510 [2002]). While plaintiffs are held to a lesser burden of proof at trial inasmuch as this is a wrongful death action (*see generally Noseworthy v City of New York*, 298 NY 76, 80-81 [1948]), we conclude that they did not meet their obligation to provide at least some evidence in opposition to defendant's motion from which liability could be inferred (*see Wasson v Szafarski*, 6 AD3d 1182, 1183 [2004]; *Coughlin v Bartnick, supra* at 510-511; *cf. Berliner v Thompson*, 166 AD2d 78, 82-83 [1991]).

Turning to plaintiffs' motion to renew, we note that in order to prevail, plaintiffs were required to demonstrate " 'both new facts to support the motion and a justifiable excuse for not

initially placing such facts before Supreme Court' " (*N.A.S. Partnership v Kligerman*, 271 AD2d 922, 922 [2000], quoting *Wagman v Village of Catskill*, 213 AD2d 775, 775-776 [1995]). Plaintiffs presented an affidavit from Migdal Eden, defendant's girlfriend at the time of the shooting, that directly contradicted her prior sworn statements regarding defendant's drug use and state of mind. Inasmuch as Eden was not present at the time of the shooting, however, her affidavit is purely suppositional and Supreme Court did not abuse its discretion in determining that the affidavit failed to offer any new facts that would have changed the prior determination (*see* CPLR 2221; *Cippitelli v County of Schenectady*, 307 AD2d 658, 658 [2003]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.