■ RONALD HARRIS, Respondent, v JUSTIN M. STANLEY, Appellant, et al., Defendant. [799 NYS2d 837]—

Spain, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered July 15, 2004 in Albany County, which, inter alia, denied defendant Justin M. Stanley's motion for summary judgment dismissing the complaint against him, and (2) from an order of said court, entered June 14, 2004 in Albany County, which granted plaintiff's cross motion to amend the complaint.

Plaintiff commenced this action to recover for injuries he allegedly sustained when the windshield of the tractor-trailer he was operating south bound on Route 150 in the Town of North Greenbush, Rensselaer County, was broken by a water balloon.

The water balloon was thrown by defendant Matthew A. Carkner from a vehicle traveling in the opposite direction and operated by defendant Justin M. Stanley (hereinafter defendant). Following defendant's motion for summary judgment to dismiss the complaint against him, plaintiff cross-moved seeking to amend his complaint to add a cause of action against defendant alleging concerted action liability. Finding issues of fact with respect to whether defendant acted in concert with Carkner, Supreme Court granted plaintiff's cross motion to amend the complaint and denied defendant's motion for summary judgment. On defendant's appeal, we now affirm.

The theory of concerted action liability rests upon the tenet that " '[a]ll those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him' " (*Bichler v Lilly & Co.*, 55 NY2d 571, 580-581 [1982], quoting Prosser, Torts § 46, at 292 [4th ed]; *accord Weldon v Rivera*, 301 AD2d 934, 935 [2003]). Here, even assuming that defendant established a prima facie entitlement to summary judgment, plaintiff put forth evidence sufficient to necessitate a trial (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although defendant denied having knowledge of the water balloons as well as any plans to throw them from his vehicle, evidence in the record reflects that defendant assisted Carkner and Ashley Ray in filling approximately seven balloons before driving Carkner and Ray to pick up Carkner's sister from work. Additionally, plaintiff proffered the testimony of Ray, who gave a somewhat equivocal account as to the extent of defendant's knowledge, if any, of the group's plan to throw the balloons from his vehicle. Finally, plaintiff testified that defendant's vehicle veered into his lane, positioning it in close proximity to his oncoming vehicle just before Carkner threw the water balloon. Thus, an issue of fact exists as to whether defendant implicitly or explicitly agreed with a plan to throw the balloons from his moving vehicle thereby potentially creating "an unreasonable danger to other users of the [roadway] . . . which was a proximate cause of the accident" (*Policastro v Savarese*, 171 AD2d 849, 853 [1991]). As plaintiff successfully raised a triable issue of fact with respect to his concerted action liability claim, Supreme Court properly rejected defendant's arguments that he is entitled to summary judgment on the grounds that his actions did not cause the alleged injuries and he could not be held liable for his passengers' actions.

Further, given our conclusion that material issues of fact exist

regarding defendant's knowledge and participation in the alleged wrongdoing, we find no abuse of Supreme Court's exercise of its discretion in granting plaintiff's cross motion to amend his complaint to include a claim of concerted action liability against defendant (*see Acker v Garson,* 306 AD2d 609, 610 [2003]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.