◼ KEITH R. BLAKESLEE et al., Respondents, v ISAIAH WADSWORTH et al., Defendants, and NICHOLAS D. HERTING, Appellant. [831 NYS2d 556]—

Cardona, P.J. Appeal from an order of the Supreme Court (Catena, J.), entered June 6, 2006 in Montgomery County, which denied defendant Nicholas D. Herting's motion for summary judgment dismissing the complaint and all cross claims against him.

On the morning of June 26, 2004, plaintiff Keith R. Blakeslee

(hereinafter plaintiff) was a front seat passenger in a pickup truck driven by defendant Isaiah Wadsworth in the Town of Palatine, Montgomery County. As they proceeded, Wadsworth prepared to turn left from an intersection onto McKinley Road, a 55-mile-per-hour two-lane, east-west highway with an unpaved gravel shoulder and no painted lines marking the lanes or shoulders. Prior to turning, he observed a vehicle driven by an acquaintance, defendant Nicholas D. Herting, as it went through the intersection continuing west on McKinley Road. Herting, who was accompanied by his teenage son, was driving a pickup truck which was towing a trailer containing another vehicle. According to plaintiff, Wadsworth stated to him that he "was going to catch [Herting]." Wadsworth accelerated on McKinley Road until his vehicle was one or two car lengths behind Herting.

Although the events that followed are largely disputed, it is pertinent for this appeal to set forth plaintiff's version. Plaintiff testified at his examination before trial that, when Wadsworth's vehicle was about one car length behind Herting's vehicle, Wadsworth moved to the left so that his vehicle was wholly in the eastbound lane. According to plaintiff, he believed Wadsworth did so in order to pass Herting's vehicle. He stated that Herting then moved his vehicle halfway into the eastbound lane, thus blocking Wadsworth's passage. Thereafter, Wadsworth moved back into the westbound lane. Plaintiff indicated that Wadsworth then moved his vehicle further to the right and the passenger-side wheels went down onto the gravel shoulder. Plaintiff indicated that Herting moved back into the westbound lane. Plaintiff stated that Wadsworth steered to the left and lost control of his vehicle, which rolled and crashed, causing injuries to both occupants. It is undisputed that Wadsworth's truck never came into physical contact with Herting's vehicle.

Thereafter, plaintiff and his wife, derivatively, commenced this action alleging, among other things, concerted action liability. Specifically, they claimed that Wadsworth and Herting were engaged in a high speed "cat and mouse game" prior to the accident and their combined negligence caused his injuries. Following joinder of issue and discovery, Herting moved for summary judgment dismissing the complaint and all cross claims against him. Supreme Court denied the motion, prompting this appeal.

Viewing the evidence in the light most favorable to plaintiffs, as the nonmoving parties (*see Alig v Parkway Parking of N.Y., Inc.*, 36 AD3d 980, 981 [2007]), we nonetheless conclude that Herting's motion for summary judgment should have been

granted in all respects. Notably, "[t]he theory of concerted action liability rests upon the tenet that [a]ll those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him" (*Harris v Stanley*, 21 AD3d 612, 613 [2005] [citations and internal quotation marks omitted]). Plaintiffs allege that a passing contest between Herting and Wadsworth created " 'an unreasonable danger to other users' " of the road, including plaintiff (*id.*, quoting *Policastro v Savarese*, 171 AD2d 849, 853 [1991]). However, for concerted action liability to be established herein, there must have been an explicit or implicit *agreement* on the part of both Wadsworth and Herting to cooperate or compete in furtherance of such a dangerous activity (*see Bichler v Eli Lilly & Co.*, 55 NY2d 571, 580-581 [1982]; *Harris v Stanley, supra* at 613; *Weldon v Rivera*, 301 AD2d 934, 935 [2003]; *Policastro v Savarese, supra* at 853; *Finn v Morgan*, 46 AD2d 229, 232 [1974]; Kreindler, Rodriguez, Beekman and Cook, New York Law of Torts § 10:4 [14 West's Prac Series]).

In that regard, while plaintiffs' proof might be sufficient to raise an inference that Wadsworth was attempting to engage Herting in such a contest, there is no evidence in the record that Herting explicitly or implicitly consented. Specifically, even taking as true plaintiffs' contention that Herting deliberately moved his truck and trailer to the left on that unmarked road and in doing so prevented Wadsworth from moving up and passing him on the left, without more, it does not establish an agreement to participate in a passing contest (*see Shea v Kelly*, 121 AD2d 620, 621 [1986]). Further, while plaintiffs attempted to characterize the encounter as a "high speed" game, plaintiff admitted at his deposition that he had no idea of the speed of either vehicle and both drivers testified that they were traveling in the range of the posted speed limit.

Additionally, it is important to note that, although Wadsworth knew that Herting was in the vehicle ahead of him, there is no proof from which it can be inferred that, prior to the time Wadsworth pulled right onto the shoulder of the road, Herting knew that Wadsworth was behind him. According to Wadsworth, his plan in pulling onto the right shoulder was "[j]ust to like show [Herting] that we were back there." Herting testified that he did not realize Wadsworth was behind him until he saw his vehicle "[g]oing off into the ditch." In opposing this proof, plaintiffs did not raise a question of fact. Although plaintiff testified regarding an alleged postaccident conversation wherein

Herting reportedly described to him what he saw in his rearview mirror *after* Wadsworth had moved into the right shoulder of the road and began losing control of his vehicle, nothing in that alleged exchange indicated that Herting was a knowing participant in a game or passing contest with Wadsworth.

Given this evidentiary showing, we agree with Herting that an inference that he acted in accordance with an agreement to engage or participate in a high speed passing game could only be reached through conjecture or speculation. Accordingly, summary judgment in his favor is appropriate and, therefore, it is unnecessary to address Herting's remaining arguments in favor of reversal.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Nicholas D. Herting and complaint and all cross claims dismissed against him.