■ DAYANA D. HABIB, Respondent, v CAREN BALDINI et al., Appellants. [857 NYS2d 371]—

Kane, J. Appeal from an order of the Supreme Court (Garry, J.), entered July 23, 2007 in Tompkins County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking to recover for injuries allegedly sustained in November 2003 when the bedroom window in her apartment purportedly dropped while she was looking out of it, striking her on the head. At the time of the incident, plaintiff's apartment was owned by defendant Caren Baldini and managed by defendant Certified Properties of Tompkins County, Inc. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint contending that they had no notice of the allegedly defective window prior to plaintiff's accident. Supreme Court denied the motion, finding a question of fact as to whether plaintiff indeed provided prior notice of the alleged defect. This appeal by defendants ensued.

We affirm. "To demonstrate their entitlement to summary judgment, defendants were required to establish as a matter of law that they maintained the property in question in a reasonably safe condition and that they neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (*Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001] [citations omitted]; *see Gerfin v North Colonie Cent. School Dist.*, 41 AD3d 1085, 1085-1086 [2007]; *Mokszki v Pratt*, 13 AD3d 709, 710 [2004]). Here, Certified's

owner, Shane Varricchio, testified that prior to plaintiff's accident, plaintiff and her roommates provided a handwritten list of complaints regarding the apartment. Although that list contained the notation "windows falling apart," Varricchio testified that he did not see that handwritten list prior to the commencement of this action, and that he first heard of the alleged problem with plaintiff's bedroom window—namely, that it would not stay open—following her accident. Varricchio further testified that he questioned his staff and that no one at Certified received any complaints regarding the window in question until after plaintiff was injured. Such testimony was sufficient to discharge defendants' initial burden on their motion for summary judgment.

In opposition, plaintiff testified that when she moved into the apartment in August 2003, the offending window had a broken pane of glass and would not stay open; as plaintiff put it, "When I opened it, it would fall right down." While those alleged defects were admittedly not detailed in the handwritten list of complaints allegedly tendered to Varricchio when plaintiff first moved in, she testified that she specifically complained to Varricchio about these conditions. Contrary to defendants' argument on appeal, plaintiff never testified that the handwritten list provided to Varricchio was the exclusive means by which she complained about the window. Viewing the evidence in the light most favorable to plaintiff and according her the benefit of every reasonable inference to be drawn therefrom (*see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1219 [2007]; *Blakeslee v Wadsworth*, 37 AD3d 1021, 1022 [2007]), we agree with Supreme Court that plaintiff's testimony sufficiently raised a question of fact concerning whether defendants had actual notice of the allegedly defective condition.

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.