■ THERESE MORIARITY, Appellant, v WALLACE DEVELOPMENT COMPANY, LLC, Respondent. [876 NYS2d 235]—

Lahtinen, J. Appeal from an order of the Supreme Court (Lebous, J.), entered May 2, 2008 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

At approximately 9:30 A.M. on February 5, 2005, plaintiff allegedly slipped on ice and fell after exiting her vehicle. The accident occurred in the parking lot of a shopping plaza owned by defendant in the Town of Chenango, Broome County. She commenced this negligence action alleging, among other things, that the ice had formed in the parking lot when water from a nearby pile of snow had melted and then had refrozen in a depression in the parking lot. Defendant moved for summary judgment alleging that it had no actual or constructive knowledge of the ice on which plaintiff allegedly slipped. Without rendering a written opinion, Supreme Court granted the motion. Plaintiff appeals.

Defendant had the threshold burden of establishing that it maintained its property in a reasonably safe condition and that it did not create, or have actual or constructive notice of, the allegedly dangerous condition (see Cantwell v Rondout Sav. Bank, 55 AD3d 1031, 1031-1032 [2008]; Candelario v Watervliet Hous. Auth., 46 AD3d 1073, 1074 [2007]). Plaintiff does not dispute that defendant met this initial burden thereby shifting to plaintiff the burden of demonstrating a triable issue of fact. Plaintiff submitted proof primarily aimed at raising a factual issue regarding constructive notice. "A claim of constructive notice requires that the condition be visible and apparent and in

existence for a sufficient period of time so as to allow the defendant an opportunity to take corrective action" (*Saunders v Bryant's Towing*, 27 AD3d 992, 994 [2006]).

Viewing plaintiff's proof in the light most favorable to her (*see Habib v Baldini*, 51 AD3d 1250, 1251 [2008]), we find that she raised a triable issue. The morning of the accident the weather was clear. A photograph taken less than one hour after the accident depicted a wet or icy area and a nearby pile of snow. Although there was conflicting evidence, plaintiff testified that the substance depicted in the photograph was ice and that such ice caused her to slip and fall. She submitted an affidavit from a meteorologist who stated that his review of climatological data revealed that the last precipitation in the area occurred 10 days before the accident in the form of snow on January 26, 2005. Following that storm, there was a total accumulation of snow on the ground of 12 inches, but by the date of the accident that amount had diminished to nine inches reflecting melting. Based upon his review of temperatures during the germane period, he opined that the ice upon which plaintiff fell had resulted from the pooling of melting snow that refroze. He stated that the refreezing would have occurred approximately 13 to 15 hours before plaintiff fell. A further affidavit from an architect concluded that the slope of the parking lot was such that melt from the pile of snow depicted in the photograph would have traveled to a depression in the parking lot where plaintiff claimed that the ice was located. There was also evidence from which a jury could reasonably conclude that the parking lot had been in this condition, and prone to melt and freeze pooling, for a sufficient period of time prior to the accident to provide defendant notice thereof. Under such circumstances, factual issues sufficient to defeat summary judgment exist (*see Elsey v Clark Trading Corp.*, 57 AD3d 1330, 1331-1332 [2008]; *Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1315-1316 [2007]; *Dickerson v Troy Hous. Auth.*, 34 AD3d 1003, 1004-1005 [2006]).

Mercure, J.P., Peters, Kane and Malone, Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.

