■ ROBERT WILLIAMS, Respondent, v CHARLES J. KENYON et al., Appellants. [882 NYS2d 728]—

McCarthy, J. Appeal from an order of the Supreme Court (Devine, J.), entered November 25, 2008 in Schoharie County, which denied defendants' motion for summary judgment dismissing the complaint.

While visiting a tenant on defendants' property, plaintiff slipped on ice and injured himself. The accident occurred at the bottom of a slight decline in the driveway where it intersects with a sidewalk. At issue is an order of Supreme Court denying a defense motion for summary judgment. We affirm.

It is undisputed that defendants did not create or have actual notice of any icy condition on the property. Rather, the issue distills to whether they had constructive notice of it. To this end, "[a] claim of constructive notice requires that the condition be visible and apparent and in existence for a sufficient period of time so as to allow [the property owners] an opportunity to take corrective action" (*Moriarity v Wallace Dev. Co., LLC*, 61 AD3d 1088, 1088-1089 [2009] [internal quotation marks and citation omitted]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). Assuming that defendants met their initial burden by showing that they had no constructive notice of the icy condition where plaintiff fell (*see Brown v Haylor, Freyer & Coon, Inc.*, 60 AD3d 1188, 1189 [2009]), viewing the evidence in a light most favorable to plaintiff (*see Moriarity v Wallace Dev. Co., LLC*, 61 AD3d at 1089), we find that a triable issue of fact has been raised.

First, although both defendants denied seeing any ice in the

vicinity where plaintiff fell on the day of his accident, plaintiff, his wife and the tenant all testified at their respective examinations before trial that the ice was observable (although each gave varying accounts of its size). Moreover, defendant Charles J. Kenyon confirmed that the driveway proceeds at a slight decline toward the sidewalk and that he had previously observed snow melt, run down the driveway and then refreeze in the vicinity where plaintiff fell. Plaintiff also submitted an affidavit from a meteorologist who stated that his review of climatological data revealed that the weather conditions were conducive for melting and refreezing processes on March 1, 2006 and March 2, 2006 (plaintiff fell on March 4, 2006) and that the subject ice patch had therefore been present for at least 48 hours (cf. *Boucher v Watervliet Shores Assoc.*, 24 AD3d 855, 857 [2005]). Under these circumstances, factual issues sufficient to defeat summary judgment have been raised (see *Moriarity v Wallace Dev. Co., LLC*, 61 AD3d at 1089; *Brown v Haylor, Freyer & Coon, Inc.*, 60 AD3d at 1190; *Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1315-1316 [2007]; *Dickerson v Troy Hous. Auth.*, 34 AD3d 1003, 1004-1005 [2006]).

Cardona, P.J., Mercure, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.