■ KIMBERLY ENSHER, Appellant, v INGRID CHARLTON et al., as Cotrustees of the Trust of CHARLES TSO PIN WANG, et al., Respondents. [884 NYS2d 186]—

Kavanagh, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered July 2, 2008 in Otsego County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff was a college student who, along with three roommates, had rented a house in the City of Oneonta, Otsego County. Plaintiff alleged that on the day after she moved into the house, she was injured when, while attempting to open a window, her arm broke through a pane of glass, resulting in a laceration of a nerve in her right wrist. Plaintiff commenced this action against the owners of the house and defendant Rental Company One, Inc., the entity charged with managing the property, claiming that the window was defective and, as it existed on the day of the accident, constituted a dangerous condition that caused her injury. The owners answered and asserted cross claims against Rental Company One. Thereafter, the owners moved for summary judgment contending, among other things, that plaintiff had failed to establish that the window was defective or dangerous. Rental Company One crossmoved for summary judgment against both plaintiff and the

owners seeking dismissal of all claims made against it. Supreme Court granted both motions and dismissed the complaint, prompting this appeal by plaintiff.

We affirm. To prevail on their summary judgment motions, defendants must "establish as a matter of law that they maintained the property in question in a reasonably safe condition and that they neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (*Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]; *accord Elsey v Clark Trading Corp.*, 57 AD3d 1330, 1331 [2008]). To that end, defendants presented evidence that the window was inspected immediately after the accident and was found to be in good working order. They also presented an affidavit of an expert who inspected the window after plaintiff's accident and concluded that the window met industry standards and was a type customarily used in the construction of such houses. The expert also concluded that the window, as it existed on the date of his inspection, was not defective and did not appear to have been painted shut. Finally, defendants established that no complaints had ever been made by plaintiff, her housemates or other tenants who had previously occupied the premises regarding the condition of this window or any other windows in the house prior to the accident. Based upon this evidence, the burden shifted to plaintiff to demonstrate the existence of a triable issue of fact that would warrant denial of defendants' motions for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Cantwell v Rondout Sav. Bank*, 55 AD3d 1031, 1032 [2008]; *Sowa v S.J.N.H. Realty Corp.*, 21 AD3d 893, 895 [2005]).

In that regard, plaintiff, in essence, claims that this accident occurred because the house had been painted just prior to her taking occupancy and the window in question had been painted shut. However, in her deposition, plaintiff stated that she did not know why the window would not open and was not certain if it was painted shut. Another occupant testified that while many of the windows in the house were difficult to open, she could not recall if the window in question, or any of the windows in the house, had been painted shut and, as a result, could not be opened. Based on this evidence, we conclude that plaintiff failed to create a question of fact as to whether the window, as it existed on the day of the accident, constituted a dangerous or defective condition (*see Crawford v Pick Quick Foods*, 300 AD2d 431, 431 [2002]; *Cartuccio v KCMC Trust*, 280 AD2d 831, 831-832 [2001]) or, if it was dangerous or defective, that defendants either created the condition (*see Mokszki v Pratt*, 13 AD3d 709,

710 [2004]) or had actual notice of it (*see Habib v Baldini*, 51 AD3d 1250, 1251 [2008]). In addition, there is no basis in the record to conclude that any such dangerous or defective condition, if it did exist, was readily visible or apparent prior to plaintiff's accident in order to infer constructive notice (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Mokszki v Pratt*, 13 AD3d at 710; *Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 142 [2000]). As a result, Supreme Court properly granted defendants' motions for summary judgment (*see Alexy v Stein*, 16 AD3d 989, 990 [2005], *lv dismissed and denied* 5 NY3d 755 [2005]; *Smith v J.B.H., Inc.*, 300 AD2d 874, 875 [2002]).

In light of our decision, we need not reach the parties' remaining arguments.

Mercure, J.P., Rose, Kane and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs.