Egan Jr., J.
To prevail on its motion for summary judgment, defendant was required to establish that it maintained its property in a reasonably safe condition and, further, that it neither created the dangerous condition that caused plaintiff’s fall nor had actual or constructive notice thereof (see Fallon v Duffy, 95 AD3d 1416, 1416-1417 [2012]; Carpenter v J. Giardino, LLC, 81 AD3d 1231, 1231 [2011], lv denied 17 NY3d 710 [2011]; Stewart v Canton-Potsdam Hosp. Found., Inc., 79 AD3d 1406, 1406 [2010]). Plaintiff concedes in her brief that defendant did not have actual notice and, despite a conclusory allegation in her complaint, does not now contend that defendant affirmatively created the dangerous condition at issue. Hence, our inquiry distills to whether defendant met its burden of establishing a lack of constructive notice.
*1223 In support of its motion for summary judgment, defendant submitted daily written inspection reports detailing the snow removal and sanding/salting operations that occurred between January 10, 2010 and January 17, 2010. According to these reports, the last snowfall occurred on January 12, 2010, at which time all parking lots and walkways at the complex were “PLOWED AND SALTED,” and the inspection report for the following day indicated that defendant’s maintenance staff “CHECKED BAD AREAS FOR SALTING.” No additional snowfall was noted after January 12, 2010, and the reports issued after January 13, 2010 — up to and including the day of plaintiff’s accident — indicated that the parking lots, walkways and steps at the complex had been inspected and were “ALL FINE.” Additionally, none of the inspection reports prepared by defendant’s on-site maintenance supervisor reflected that any incidents had been reported with respect to the parking lots, stairs or walkways at the complex, and the on-call maintenance contractor, who performed after-hours emergency services for defendant, testified at his examination before trial that he did not receive any complaints regarding an icy condition with respect thereto.[1] Contrary to Supreme Court’s finding, we deem such proof to be sufficient to discharge defendant’s initial burden on its motion for summary judgment (see Stewart v Canton-Potsdam Hosp. Found., Inc., 79 AD3d at 1407; Uhlinger v Gloversville Enlarged School Dist., 19 AD3d 780, 781 [2005]), thereby shifting the burden to plaintiff to raise a question of fact as to constructive notice.[2]
In this regard, plaintiff testified at her examination before trial that she observed many patches of ice in the parking lot when she left to run errands at approximately 1:00 p.m. on the day of her accident and, upon returning later that evening, she again observed patches of snow and ice in the parking lot. Plaintiff also submitted an affidavit from her husband, who averred that on each day between January 10, 2010 and January 16, 2010 and in the course of going to and returning from *1224 work, he observed “large patches of ice throughout the . . . parking lot” and, more to the point, “no evidence of any salt or other de-icing agents.” Moreover, plaintiffs husband stated that he was in the parking lot on multiple occasions following defendant’s snow removal and salting operations on January 12, 2010, at which time he “continued to notice large patches of ice throughout the . . . parking lot with no evidence [that any] salt or other de-icing agents [had been] applied.”
It is true, as defendant posits, that the failure to remove all snow and ice from a parking lot does not constitute negligence (see Wheeler v Grande’Vie Senior Living Community, 31 AD3d 992, 992-993 [2006]), that “a general awareness that snow and ice may accumulate or is present is insufficient to provide constructive notice of the injury-producing condition” (Cardinal v Watervliet Hous. Auth., 302 AD2d 666, 667 [2003]) and, further, that plaintiff indeed will be required to establish at trial that defendant had notice of the icy condition alleged here (see Managault v Rensselaer Polytechnic Inst., 62 AD3d 1196, 1197 [2009]). For purposes of the underlying motion, however, all that is required of plaintiff is that she tender sufficient admissible proof to raise a question of fact as to whether the icy condition present in the parking lot on the night of her accident was visible and apparent and existed for a sufficient period of time prior to her fall to permit defendant to discover and remedy it (see Pierson v North Colonie Cent. School Dist., 74 AD3d 1652, 1654-1655 [2010], lv denied 15 NY3d 715 [2010]; Kearsey v Vestal Park, LLC, 71 AD3d 1363, 1364 [2010]). As her examination before trial testimony and the affidavit submitted by her husband are sufficient for that purpose, defendant’s motion for summary judgment dismissing the complaint was properly denied (see Williams v Kenyon, 63 AD3d 1423,1423-1424 [2009]; Candelario v Watervliet Hous. Auth., 46 AD3d 1073, 1074-1075 [2007]; Uhlinger v Gloversville Enlarged School Dist., 19 AD3d at 781). Defendant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

. Defendant’s on-site maintenance staff was present weekdays between 8:00 a.m. and 4:30 p.m., and the on-call contractor covered the overnight and weekend hours.

. In reaching this conclusion, we attach no significance to the limited meteorological reports submitted by defendant for the day of (and the day prior to) plaintiffs accident. Although the raw data tendered indeed reflects that temperatures fluctuated above and below freezing on the days in question, in the absence of an expert affidavit attesting to the range and significance of the fluctuations, we find such proof to be inconclusive, i.e., such fluctuations — standing alone — are neither fatal to defendant’s motion nor sufficient to raise a question of fact with respect thereto (compare Williams v Kenyon, 63 AD3d 1423, 1424 [2009]).